THE PRESIDENT AND TRUSTEES OF THE TOWN OF PETERSBURG, Plaintiffs in Error, *v.* WILLIAM MAPPIN et al., Defendants in Error.

ERROR TO MENARD.

The trustees of a town possess only such powers as are expressly conferred by their charter, or are necessary to carry into effect the powers granted; and if they transcend these powers, their acts are not binding either on the town or third persons. But the power to sue and be sued, includes authority to settle or adjust claims; and a settlement of an existing controversy by the trustees, in good faith, binds the corporation, although they cannot dispose of its property by way of gratuity.

THIS cause was heard at November term, 1852, of the Menard Circuit Court, by WOODSON, Judge.

W. H. HERNDON, for plaintiffs in error.

T. L. HARRIS and J. T. STUART, for defendants in error.

TREAT, C. J.    In March, 1849, Mappin and Estel obtained
VOL. XIV.      .        17

from the president and trustees of the town of Petersburg a license to keep a grocery; and they, with Atchinson and Lanning as sureties, executed a bond to the corporation, in the penalty of five hundred dollars, conditioned that they would keep an orderly house, and would not keep the same open on Sundays, nor permit gaming or riotous conduct therein. In April, 1850, the corporation recovered a judgment against all of the obligors, for the penalty of the bond and costs of suit. The defendants obtained leave to prosecute an appeal to the Supreme Court, on entering into the requisite bond within ninety days from the rendition of the judgment. They were about perfecting the appeal, when the trustees proposed a compromise, and suggested the propriety of circulating a petition in favor of such a course among the voters of the town. One hundred and fourteen of the one hundred and thirty voters of the town, petitioned the board of trustees to release the judgment on the payment of the costs. On the 22d of May, 1850, the board passed an order, remitting the judgment on payment of costs. The defendants paid the costs, amounting to thirty-eight dollars; and the board then made an order, directing the sheriff to return the execution satisfied in full, which was accordingly done.

In consequence of these proceedings, the defendants failed to perfect their appeal. In October, 1851, the corporation filed a bill in chancery against the defendants in the judgment, alleging that there was no valid consideration for the release and satisfaction, and praying that the same might be set aside, and that an execution might issue for the collection of the judgment. After the filing of the bill, eighty-three voters of the town petitioned the board of trustees, to rescind the orders for the release and satisfaction of the judgment. The trustees originally agreed to give the attorney who brought the suit on the bond, one half of any judgment that should be recovered thereon; and he afterwards obtained judgment against the corporation for two hundred and fifty dollars, which was discharged in the obligations of the town. Estel and Atchinson were solvent when the judgment was rendered on the bond, but they subsequently became insolvent. The foregoing facts appear from the pleadings and proofs in the chancery case. The court dismissed the bill, and the corporation sued out a writ of error.

The trustees of the town possess only such powers as are specifically conferred by the act of incorporation, or are necessary to carry into effect the powers expressly granted. They must keep within the limits prescribed by the charter. If they transcend the authority conferred thereby, their acts are not binding on the town or third persons. They have no power to

give away the funds of the town, or appropriate them to purposes not warranted by the charter. They must faithfully apply the corporate property to the uses and objects specified in the charter. As they cannot directly dispose of it by way of gratuity, so they cannot accomplish the same result by device or indiscretion. They cannot, under color of a sale, transfer the property of the corporation without consideration; nor can they, under the pretence of satisfaction, discharge a debt due the corporation without payment. But they may sue and be sued, and take all steps necessary to assert and secure the rights of the corporation. The power to prosecute suits on behalf of the corporation, includes the power to settle the same. So the power to defend suits brought against the corporation, gives them the same power of adjustment. They may compromise doubtful controversies, to which the corporation is a party, either as plaintiff or defendant. The law vests them with a discretion in such matters, which they are to exercise for the best interests of the corporation. A settlement of an existing controversy, if made in good faith, binds the corporation; but if collusively made, it is not obligatory.

In the present case, the trustees had authority to grant the license and take the bond. On a forfeiture of the obligation, they could sue and recover the penalty. They might decline to pursue that course, if satisfied that no benefit would accrue to the town by so doing. They could compromise the matter by receiving less than the penalty, if they considered the result of a suit upon the bond doubtful, or the collection of a judgment against the obligors uncertain. They brought a suit upon the obligation, and obtained a judgment for the amount of the penalty. But the judgment did not conclusively establish the right of the corporation to recover the money. The obligors had the right to have the case reviewed in the Supreme Court, and they were proceeding to exercise it. The result of their appeal might be to reverse the judgment, and render the corporation liable for all the costs that had accrued in the case. In this state of things, a compromise was effected, by which the trustees agreed to abandon the prosecution, and the defendants assumed the payment of the costs. The transaction amounted to a settlement of the pending controversy on those terms. It is not pretended but that the trustees acted in good faith, and with the view of promoting the best interests of the town. In adjusting the controversy, they were acting strictly within the scope of their authority. Whether the arrangement was a judicious one, is not the question. A mere error of judgment will not vitiate the settlement. If it was within the competency of the court to

revise this exercise of their discretion, there is nothing in the case to show that the settlement was unwise or improvident, for the proceedings in the action on the bond are not set forth in the record. It may be, that it was advantageous to the corporation. The judgment may have been clearly erroneous, and therefore certainly reversible on appeal.

The decree is affirmed.

*Decree affirmed.*