## J. A. CALDWELL
v.
## A. H. WRIGHT.

*Municipal Corporations—Ordinance—Fine—Settlement.*

A municipal corporation may accept a note in settlement of a fine imposed for a violation of an ordinance.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. GEORGE W. SMITH, for appellant.

Messrs. MORRISON & WHITLOCK, for appellee.

CONGER, J. The single question presented by this record

is, has a municipal corporation the power to take from one, who has been fined for a violation of the ordinances of the municipality, his promissory note in settlement of the judgment recovered for the fine? We think they have, both from reason and authority.

It is said in Petersburg v. Mappin, 14 Ill. 193: "The power to prosecute suits on behalf of the corporation includes the power to settle the same. So the power to defend suits brought against the corporation gives them the same power of adjustment. They may compromise doubtful controversies, to which the corporation is a party, either as plaintiff or defendant." The proceedings to collect a penalty for the violation of a town ordinance is a civil suit. Hoyer v. Town of Mascoutah, 59 Ill. 138.

Being a civil suit—simply for the recovery of money—the municipality, when acting in good faith, may settle or compromise its claim in any way it sees proper.

Such a transaction can in no sense be considered as a general dealing in negotiable paper, but is simply taking, perhaps, the only feasible method to collect a debt due it.

Again, the appellant having given the note in question for the purpose of releasing his principal from imprisonment and having received the benefit and advantage for which it was given, can not now be heard to say that the action of the corporation in receiving the note was *ultra vires*.

*Affirmed.*