(28 App. Div. 308.)

STARBUCK v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

1. EQUITY—DEMURRER—ADMISSIONS.
    The allegation of a complaint in equity, that plaintiff has no adequate remedy at law, is a conclusion of law, and is not therefore admitted by a demurrer.

2. SAME—CLAIMS OF EXECUTOR—ADEQUATE REMEDY AT LAW.
    Code Civ. Proc. § 2731, providing that the claim of an executor against the estate may be proved before the surrogate upon the judicial settlement of his accounts, is still in force, and provides an adequate remedy at law for the settlement of such claims without the intervention of a court of equity.

Appeal from special term, New York county.

Action by Matilda E. Starbuck against the Farmers' Loan & Trust Company and another. From an interlocutory judgment sustaining a demurrer to an amended complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Artemas H. Holmes, for appellant.

David McClure, for respondent.

McLAUGHLIN, J. The plaintiff instituted this action against herself, as executrix, and the Farmers' Loan & Trust Company, as executor, of the last will and testament of William A. Starbuck, deceased, to recover a sum of money alleged to be due her from the estate which she and the trust company represent. The trust company demurred to the complaint, upon the grounds (1) that it did not state facts sufficient to constitute a cause of action; (2) that the plaintiff did not have the legal capacity to maintain a suit against herself as executrix and her co-executor to recover a personal claim. The complaint charged, among other things, that the plaintiff had no adequate remedy at law to establish her claim, and it is urged that this is admitted by the demurrer. A demurrer admits every fact properly pleaded, but does not admit a conclusion of law. Institute v. Bitter, 87 N. Y. 250; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522; U. S. v. Ames, 99 U. S. 35. The allegation that the plaintiff has no adequate remedy at law is nothing more or less than the conclusion of the pleader, and

therefore is not admitted by the demurrer.   But, if it was, it might then be seriously questioned whether a court of equity in this state has or would take jurisdiction of a suit of this character.   Kyle v. Kyle, 67 N. Y. 400; Snyder v. Snyder, 96 N. Y. 88; Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292.   The jurisdiction of the supreme court of this state in equity, under the provisions of the constitution, includes the jurisdiction which was possessed and exercised by the supreme court of the colony of New York at any time, and by the court of chancery in England on the 4th day of July, 1776, with the exceptions, additions, and limitations created and imposed by the constitution.   On the 4th day of July, 1776, the court of chancery in England had no jurisdiction over suits brought by an executor against the estate which he represented, for the reason that such a thing as an executor suing his estate, or claiming against the estate he represented, was unknown.   The only instances in which the court of chancery of England at that time exercised jurisdiction in behalf of an executor suing were suits brought by an executor against his co-executor for something connected with or growing out of the administration of the estate,—something which inhered in the plaintiff by reason of his official capacity, and not based upon a personal demand belonging to the individual who happened to be an executor.   It was something in favor of the estate, and not antagonistic to it.   At common law, and in the state of New York, until the Revised Statutes were passed, in 1828, an executor had the right to retain out of the assets of the estate a debt due to him personally.   This right of retention, however, was taken away by the Revised Statutes, and an executor could not thereafter apply funds belonging to the estate to the payment of a personal claim until allowed to do so by the surrogate.   But it is not necessary at this time to determine whether the supreme court has jurisdiction to entertain a suit of this character, for the reason that the plaintiff has an adequate remedy at law.   By the Revised Statutes above referred to, it was provided that an executor, before his individual claim could be enforced, must have it presented to and approved by the surrogate.   The right of an executor to establish a personal claim against the estate he represents, before the surrogate, still exists, under section 2731 of the Code of Civil Procedure.   This section provides that the claim of an executor against an estate may be proved before the surrogate upon the judicial settlement of the accounts of an executor, and meanwhile the statute of limitations against such claim is suspended.   Therefore there can be no question with reference to a court of equity having jurisdiction because of there being an insufficient or inadequate remedy at law, for the reason that a remedy is thus afforded by the statute which is just as much a legal remedy as though it were one afforded by a common-law action.   It is a remedy exclusive of, and which does not require for its enforcement a resort to, a court of equity.   The plaintiff, having the right to present her claim to, and have it passed upon by, the surrogate, under the section of the Code of Civil Procedure above referred to, is confined to the remedy thus afforded, and there is no occasion for the interference of a court of equity.

The judgment should be affirmed, with costs.   All concur.