(47 App. Div. 581.)

### BUSH v. O'BRIEN et al.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. JUDGMENT—ENFORCEMENT—INJUNCTION—DEMURRER—ADMISSION.

An averment, in a complaint to enjoin enforcement of a judgment, that the judgment is void, is a conclusion of law, and hence is not admitted by a demurrer.

2. SAME—OFFER AND ACCEPTANCE—VALIDITY.

Where an offer of judgment is made and accepted, and the judgment entered in an action in which the court has jurisdiction of the parties and the subject-matter, the judgment, at the worst, is only irregular, and is not void.

3. SAME—JUDGMENT AGAINST CITY—MOTION TO VACATE—ESTABLISHMENT OF REGULARITY.

The corporation counsel of a city moved to vacate judgments against it which, at the worst, were only irregular; and an order denying the same was affirmed. *Held* to conclusively establish their regularity as between the parties, regardless of the grounds on which the motion was made, at least unless the court sees fit to permit another motion on additional facts being shown.

4. SAME—TAXPAYER'S RIGHT TO ENJOIN.

A taxpayer cannot enjoin payment of a valid judgment against a city where there is no fraud or collusion alleged as to its entry, on an offer by the corporation counsel, and acceptance by plaintiff, and where the only ground on which it is attacked is that it was irregularly entered in a pending action. His only remedy is by appeal from the judgment, or by motion to set it aside.

5. SAME—MOTION TO SET ASIDE—DENIAL—EFFECT AS TO TAXPAYER.

A taxpayer is bound equally with the city by an order denying a motion to set aside a judgment against it.

McLaughlin, J., dissenting.

Appeal from special term, New York county.

Injunction by Irving T. Bush against John H. O'Brien and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

F. R. Kellogg, for appellant.
L. L. Kellogg, for respondents.

RUMSEY, J. This is a taxpayer's action to restrain certain parties from collecting money on judgments which they have against

the city of New York, and to restrain the defendant, Coler, as comptroller of the city, from paying or permitting the payment of any portion of the funds of the city in settlement of the judgments. Upon demurrer the complaint was dismissed for the reason that the facts therein stated did not constitute a cause of action. The allegations of the complaint are to the effect that the defendants other than Coler, the comptroller of the city, obtained judgments against the former city on December 27, 1897, for a very considerable amount; that such judgments were obtained upon an offer of judgment made by the corporation counsel of the former city, and accepted by the defendants in this action; that these offers were not made, approved, or authorized by the comptroller or the mayor, aldermen, and commonalty of the city of New York, nor by said mayor, aldermen, and commonalty of the city of New York, or its council, or any of its officers or departments empowered so to do, and that "the said corporation counsel was and is wholly without power to enter into the said alleged compromise, agreement, or contract, and to execute or deliver the said offers, or any of them, and that his acts in so doing, and that each and every of the judgments entered thereon, were and are wholly illegal and void." The complaint contains the further allegation that the defendants have threatened to take proceedings to enforce the payment of the judgments, and that there is great danger that the comptroller will pay them unless the proceedings so to collect them are restrained, and that such payments would be to the unlawful waste and injury of the estate of the city. The complaint further contains the allegation that the corporation counsel has been requested to make a motion to vacate and set aside the judgments upon the grounds thereinbefore stated in the complaint; that he has not done so, but has based a motion made to vacate the judgments upon other grounds, to the exclusion of the ones set forth in the complaint; and that said motions have been denied, and the order denying the same affirmed on appeal. All these statements of fact in the complaint are, of course, admitted by the demurrer, but the allegation that each and every of the judgments entered upon the offer of the corporation counsel is void is a pure conclusion of law, and, as such, is not admitted. Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Institute v. Bitter, 87 N. Y. 250; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522; Starbuck v. Trust Co., 28 App. Div. 308, 51 N. Y. Supp. 8. Whether or not these judgments are void, therefore, depends upon the legal conclusion to be drawn from the facts alleged in the complaint, and affords matter for consideration upon this appeal.

It is necessary to be inferred that actions were pending against the city, in which the various persons charged as creditors here were plaintiffs, and that offers of judgment were made in these actions. Such an inference arises for the reason that offers of judgment can only be made in actions pending. If the actions were pending, it necessarily follows that the supreme court had acquired jurisdiction. The offers of judgment were, therefore, made and accepted, and the judgments entered, in actions in which the court

has jurisdiction of the parties and of the subject-matter. Such a judgment is not void, but, at the worst, only irregular. It further appears that in these particular cases the motions were made by the corporation counsel to vacate these judgments, and those motions were denied, and the order denying them affirmed on appeal. The order made upon that motion necessarily establishes the validity of the judgments, and it is equally necessary to say that it establishes their regularity. So the further examination of this case must be made upon the theory that these were valid judgments entered in actions in which the court had jurisdiction, and that the court had refused to set them aside because of irregularity. It is not a matter of importance that the motions were made on other grounds than those set up in the complaint. After the motions had been made upon the ground of irregularity, and denied, it was conclusive between the parties as to the regularity of the judgments (Klumpp v. Gardiner, 44 Hun, 515; Mahr v. Society, 127 N. Y. 452, 459, 28 N. E. 391); at least, unless the court sees fit to permit another motion to be made upon additional facts being shown (Riggs v. Pursell, 74 N. Y. 370). It is to be noticed that there is no allegation in the complaint that there was any collusion or fraud between the parties and the corporation counsel, or any officer of the city, in regard to these judgments, or in the motions to vacate them. The question presented, then, is whether a taxpayer of the corporation may maintain an action to restrain the payment of a valid judgment against the corporation where there is no fraud or collusion alleged, and where the only ground upon which the judgment is attacked is that it was irregularly entered in a pending action. This question must be answered in the negative, for two reasons, each of which stands upon principles established by cases. In the first place, as the supreme court had jurisdiction of these actions in which the judgments were entered, and these actions were pending in that court, a taxpayer cannot, in the absence of fraud or collusion, maintain an action to set aside the judgment; but his only remedy is upon appeal from the judgment, or by motion to set it aside. Osterhoudt v. Rigney, 98 N. Y. 222–232; Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471; Rogers v. O'Brien, 153 N. Y. 357, 47 N. E. 456. In the second place, these judgments and the order denying the motions to set them aside are adjudications by which the taxpayer is bound equally with the city. Freem. Judgm. § 178; Ashton v. City of Rochester, 133 N. Y. 187–193, 30 N. E. 965, and 31 N. E. 334, and cases cited.

For the reasons, therefore, that a taxpayer cannot maintain this action upon the facts alleged in the complaint, the interlocutory judgment must be affirmed, with costs. In view of the conclusion which we have reached, we do not regard it necessary to examine the other interesting questions which were argued in this appeal. All concur, except McLAUGHLIN, J., who dissents.

McLAUGHLIN, J. I dissent. The complaint contains all of the necessary and material allegations to enable the plaintiff to main-

tain an action under the statute. The status of the plaintiff, the illegal judgment, the threatened injury by which the property of the taxpayers will be burdened, are all alleged. The enforcement of an illegal or unauthorized judgment will be a waste and injury within the meaning of the statute, which gives the plaintiff the right to bring the action. I do not think that it is necessary for the plaintiff either to allege or prove that the judgment was fraudulently or collusively entered.