# John R. O'Neill, Appellee, v. City of Chicago, Appellant. Gen. No. 17,644.

1. APPEALS AND ERRORS—*what does not estop right of review.* By complying with an order entered in a mandamus proceeding a city is not estopped to assert its right to appeal or sue out a writ of error.

2. APPEALS AND ERRORS—*effect of plea of release of errors.* A plea of release of errors admits that there are errors in the record and proceedings, but such a plea, if adjudged insufficient, does not deprive the pleader of the right to join in error.

3. APPEALS AND ERRORS—*when plea to replication filed on appeal carried back.* If a plea of release of errors filed on appeal is defective a demurrer filed to a replication interposed to such a plea will be carried back to such plea.

4. MUNICIPAL CORPORATIONS—*authority of officers exercising powers conferred by ordinance.* An officer exercising powers conferred by ordinance can have no other or greater powers than those prescribed in the ordinance creating the office and prescribing the duties of the incumbent.

5. MUNICIPAL CORPORATIONS—*what not within powers of corporation counsel.* Held, that the corporation counsel of the city of Chicago has only such powers as are conferred upon him by ordinance and that he has no power to waive and release errors in litigation which has previously passed into judgment.

Mandamus. Appeal from the Circuit Court of Cook county; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Demurrer carried back and sustained. Opinion filed April 19, 1912.

W. H. SEXTON and CHARLES M. HAFT, for appellant.

A. B. GASH, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This case must be disposed of upon the pleadings filed in this court.

In April, 1911, O'Neill filed his petition in the Circuit Court of Cook County for a writ of mandamus to compel his reinstatement upon the police force of the City of Chicago, claiming to have been unlawfully dismissed therefrom on the 25th of October, 1893. Upon a hearing, the court below ordered the writ to issue on the 13th of April, 1911, directing the City of Chicago to place the name of O'Neill upon its pay roll as a police officer. From this order, the city appealed to this court and assigned errors upon the ruling of the court below.

Subsequently, appellee, O'Neill, filed a plea in this court alleging a release of errors by the city. To this plea, the appellant, the city, filed its replication, to which appellee demurred. Upon motion of appellant and due consideration, the demurrer was carried back to the plea, which was adjudged bad, and appellee took leave to file an amended plea of release of errors, which was duly filed on February 16, 1912. To this plea, appellant filed its replication and appellee filed his general and special demurrer to this replication.

The amended plea sets up the laws of Illinois and the ordinances of Chicago, which create the office of corporation counsel. By the terms of the ordinance, it is provided that he "shall be the head of the law department of the city," and with certain assistants referred to he shall "conduct all the law business of the city." The plea then sets up by proper averments the appointment and confirmation of the corporation counsel of Chicago. It is then averred that, subsequent to the judgment of the court below and before the prosecution of the appeal, the corporation counsel prepared a release of the city from any claim by ap-

pellee against the city growing out of his discharge as policeman in October, 1893, which release said corporation counsel caused to be executed by appellee, and which release was therein said to be in consideration of the city of Chicago waiving all right to appeal from said judgment, etc. It was further averred that the alleged release was under seal and was acknowledged by appellee before a notary public; that it was signed by appellee in triplicate while in the possession of the corporation counsel, one copy being by him deposited with the secretary of the Civil Service Commission of the city,—one with the secretary of the Police Department of the city, and one copy retained by said corporation counsel.

The replication to this plea denied that it released to appellee any of the errors in the record and proceedings,—did not waive its right to appeal; that it did not by its corporation counsel prepare said release, but avers that such alleged release was never seen by nor in the possession of its corporation counsel, nor had he any notice of its existence; avers that on May 1, 1911, the city council passed a resolution in the preamble of which it was recited that such a release of the city of Chicago from all claims for salary and compensation accruing to him since October, 1893, was executed by appellee and placed in the hands of the corporation counsel,—that said release recited that it was given in consideration of appellant's consenting to waive its right of appeal from the judgment order of April 13, 1911, etc., and directing the corporation counsel to return to appellee the instrument in the preamble referred to; resolving that the city do not comply with the judgment order of the Circuit Court and directing its corporation counsel to procure the annulment of the said order by appeal, or otherwise, etc.

The special grounds of the demurrer are that the

replication is contradictory, and that it does not answer the whole plea but only a part of it.

We think these supposed objections to the replication are more apparent than real, and that the replication is substantially good. Carrying the demurrer back to the amended plea of release of error, however, as we are asked to do, we have to consider the question as to the right of the corporation counsel to bind the city by his acts.

In substance, the amended plea of release of errors is based upon the contention that the acts of its corporation counsel, alleged in said amended plea, and which, for present purposes, must be taken as truly stated, are binding upon appellant,—for it cannot be contended that, by compliance with the judgment order complained of, the city is estopped to assert its right to appeal or sue out a writ of error. Kuttner v. Haines, 135 Ill. 382; Markley v. City of Chicago, 167 Ill. 626.

We, therefore, come to a consideration of the duties and powers of the corporation counsel.

The amended plea of release of errors, which we are now considering, avers that Section 74, Art. 6, Chap. 24, Statutes of Illinois, provides that the city council may provide for the appointment, by the mayor, of a corporation counsel, etc., and that by Secs. 73, 74, 77, 78, 79, 80, 82 and 85 of the Municipal Code of Chicago, as compiled in 1905, it is provided that:

"There is hereby established an executive department of the Municipal Government of the City which shall be known as the Department of Law and shall embrace the corporation counsel. * * * There is hereby created the office of the Corporation Counsel. He shall be appointed by the Mayor by and with the consent and advice of the City Council and shall be the head of the Law Department of the city; * * * He shall superintend and with the assistance of the city attorney and prosecuting attorney conduct all the law

business of the city. He shall employ an attorney whose office shall be at the headquarters of the fire department and who shall be known as the fire department attorney. * * * The Corporation Counsel shall keep or cause to be kept in proper books to be provided for that purpose, a register of all actions in court, prosecuted or defended by his office and all proceedings had therein; such books shall at all times be open to the inspection of the Mayor, Comptroller, or any member or committee of the City Council. The corporation counsel shall draft such ordinances as may be required of him by the City Council or by any Committee thereof. * * * The corporation counsel shall when required so to do furnish written opinions upon subjects submitted to him by the Mayor or the City Council or by the head of any department. * * * Upon the expiration of his term of office without his resignation thereof or removal therefrom, the corporation counsel shall forthwith on demand, deliver to his successor in office all deeds, leases, contracts, books and papers in his hands belonging to the city, * * * and all papers or information in actions prosecuted or defended by him then pending and undetermined, together with his register thereof and all proceedings therein.''

It then avers the proper appointment and confirmation of the corporation counsel of the City of Chicago.

It thus appears that the office is not a statutory one, but is one created by ordinance. It follows, therefore, that the officer thus provided for can have no other or greater powers than those provided in the ordinance creating the office and prescribing the duties of the incumbent. Nowhere do we find any provision in the ordinances of the city of Chicago, giving authority to the corporation counsel of said city to settle or adjust and compromise any claims against said city; and to hold that he could, after trial and rendition of judgment, release and waive errors in the litigation which constituted a right or asset in favor of the city, would be equivalent to authorizing him to settle and compro-

mise claims against it or in its favor. As to matters of litigation, to which the city is a party or in which it has an interest, he has no larger powers to bind it than would any other attorney have in the case of an individual.

We think it clear that the ordinances of the city of Chicago thus referred to in the amended plea of release of errors do not confer authority upon the corporation counsel to waive and release errors in litigation which has previously passed into judgment. Upon the general proposition of the powers of a corporation counsel, or city attorney, it is said in Vol. 1, Dillon on Municipal Corporations, Sec. 389:

"The corporation counsel or city attorney of a municipality, in a limited sense at least, is an officer of the municipality. In the performance of the duties which are imposed upon him by law, and with respect to which he is not required to submit to the direction of the legislative body or executive officers of the municipality, he acts as a public officer performing a public duty, and his action cannot be controlled by the council or executive officers of the municipality. Thus, in all matters that merely concern the public, the maintenance of good order, the abatement of nuisances, the suppression of disorderly houses, etc., he is independent of the council, and is a public officer vested as to such matters with powers and burdened with duties over which the council has no jurisdiction. But in other matters he is simply the head of the legal department of the city authorized to represent it in all suits and matters in litigation; to appear for it, and he has no larger powers as such to bind his client than an attorney would have in the case of an individual. In other words, in these matters, the relations existing between the corporation counsel or city attorney and the municipality are, in the absence of a statute conferring other or greater powers upon him, in general

those which exist in ordinary cases of attorney and client," citing Flynn v. Springfield, 120 Ill. App. 266.

"Merely as city attorney, he has no larger power to bind his client before suit is commenced than he would have in the case of an individual in like circumstances. When a suit is commenced, he is the retained attorney of the city, and it is his duty to take charge of the litigation. When the suit is commenced, the statute operates in place of a retainer in the case of a personal client, and it is his duty to defend the city in actions against it, but in the absence of express statutory authority, he has no power to appear for the city as a defendant in a suit which has not been commenced, or to accept service or process and waive its service upon the proper officer without authority from that officer. In the defense of actions against the city, he may take all needful steps for the protection of the city's interests and may incur on behalf of the city all necessary expenses in connection therewith. The city is bound by his action in taking or failing to take exceptions to rulings at the trial of an action to which it is a party. *But the corporation counsel has not, by virtue of his office and in the absence of express authority, any power to settle and audit, or to adjust and compromise, claims against the city, although the claims may be the subject of pending actions against the city.*" Bush v. O'Brien, 164 N. Y. 205, rev'g 47 App. Div. 581 (distinguishing O'Brien v. Mayor, etc., of New York, 160 N. Y. 691; aff'g 40 App. Div. 331); People v. Mayor, etc., of New York, 11 Abb. Pr. (N. Y.) 66.

In Vol. II Dillon, Sec. 821, it is further said as to settlement of disputed claims:

"Growing out of its authority to create debts and to incur liabilities, a *municipal corporation* has power to settle disputed claims against it, and an agreement to pay these is not void for want of consideration. If it

has obtained a contract which, by mistake or change or circumstances, it deems to operate oppressively upon the other party, an agreement to make an additional compensation, or to modify or annul it, is not in the absence of special restriction, invalid for want of consideration. A town may make a contract with a creditor whereby the latter agrees to discount or throw off a portion of his debt and such an agreement, if founded on a sufficient consideration, will be enforced.

"Where a city has a judgment, from which an appeal is about to be taken, the council may, if done in good faith, cancel the judgment on the payment of costs; and such an agreement when executed is binding upon the corporation. Citing Petersburg v. Mappin, 14 Ill. 193."

From the foregoing, and also upon principle, we think it clear that the corporation counsel had no power to waive the right of the city to appeal and to release errors in the record and proceedings, as the plea alleges he attempted to do. And appellee was bound, as are all persons dealing with the city, to know the extent of his powers, and that any attempt by that officer to exercise powers not conferred upon him was *ultra vires* and void, and not binding upon the city. May v. City of Chicago, 222 Ill. 595; Sheahan v. City of Chicago, 127 Ill. App. 626-9.

It follows, therefore, that we regard the amended plea of release of errors as insufficient, and the effect of the plea of release of errors is to admit that there are errors in the record and proceedings. It was formerly the law that, when a plea of release of errors was held insufficient in the Appellate Court, a judgment of reversal must be entered thereon. Beardsley v. Smith, 139 Ill. 290; Page v. People, 99 Ill. 418; Martin v. Commissioners of Highways of Scotland Township, 150 Ill. 158. But in 1907, the Legislature amended the Prac-

554 APPELLATE COURTS OF ILLINOIS.

tice Act by inserting the following: ''A plea of release . of errors, though adjudged bad or not sustained, shall not deprive the defendant of the right to join in error.'' Hurd's Revised Statutes, 1909, Sec. 109, chap. 110, Practice Act. Therefore, in this case, the order will be that the demurrer of appellee to the replication is carried back to the amended plea of release of errors and said plea is adjudged insufficient; leave is given appellee to join in error on or before May 1, 1912, and in the event that he does so, to file brief and argument herein on or before May 15, 1912; and appellant is hereby given leave to file a reply brief on or before June 1, 1912, and the cause will be placed on call for June 4, 1912, and taken for decision.

*Demurrer carried back and sustained.*