George W. McGowan, Appellee, v. City of Chicago, Appellant.

## Gen. No. 17,645.

1. MUNICIPAL CORPORATIONS—*authority of corporation counsel to waive appeal.* Where the corporation counsel of a city has waived its right of appeal from an order for a writ of mandamus, a plea of such release of errors which does not plead the ordinance creating his office, and show his authority, binding upon the city, to waive the right of the city to appeal, it appearing from the replication admitted on demurrer that the city council has repudiated such action, is insufficient.

2. APPEALS AND ERRORS—*when plea of release of errors adjudged bad.* Under the amendment to the Practice Act of 1907, a plea of release of errors, though adjudged bad, does not deprive the defendant of the right to join in error.

3. PLEADING—*demurrer carried back.* Where a replication to a plea of release of errors is upheld on demurrer, the latter is carried back to the plea.

Appeal from the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Demurrer carried back to plea of release of errors and sustained. Opinion filed January 23, 1913.

WILLIAM H. SEXTON, for appellant.

A. G. DICUS, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On March 31, 1908, George W. McGowan filed his petition in the Circuit Court of Cook County for a writ of mandamus to compel the City of Chicago "to forthwith place the name of your petitioner on the roster of police officers, as sergeant, and upon the police payroll of said City of Chicago, as sergeant, to the end that he may at once enter upon the performance of his duties as sergeant, with the same right to continue in the performance thereof, and receive salary therefor, as he had to continue in the performance thereof and receive salary therefor, prior to his unlawful reduction in rank on March 21, 1898, subject to the laws, rules and ordinances pertaining to sergeants of police." On April 12, 1911, the demurrer of the City to said petition was overruled, and the court ordered a writ of mandamus to issue against the City as prayed in the petition. From this order the City appealed to this court and assigned errors.

Subsequently, appellee, McGowan, on December 12, 1911, filed in this court a verified plea of release of errors by the City. This plea set forth that after the rendition of said judgment and before the prosecution of said appeal, on, to-wit: April 12, 1911, "The appellant, by Edward J. Brundage, its corporation counsel and attorney," prepared a release of the City from any claim by appellee against the City growing out of his discharge from the position of sergeant on March 21, 1898; that in said release it was stated that the same was given to the City in consideration of the City's waiving all right to appeal from said judgment order of April 12, 1911; that said release was under seal and was signed and acknowledged before a notary public by appellee, in triplicate, while in the possession of said corporation counsel and was not carried away by appellee; that one copy was deposited by said corporation counsel with the secretary of the Civil Service Commission, one copy with the secretary

of the Police Department and one copy retained by said corporation counsel.

The City filed in this court a replication to this plea in which it alleged that it did not release to appellee any or all errors in the record and proceedings mentioned in said plea, and did not accept the alleged release mentioned, and did not waive its right to appeal from said judgment, and alleged that, on the contrary, on May 1, 1911, the city council of appellant passed a resolution, wherein in the preamble it was recited that an instrument purporting to release the City from all claims of appellee for salary and compensation accruing to him since March 21, 1898, in consideration of the City's consenting to waive its right of appeal from said judgment order, was executed by him and placed in the hands of said corporation counsel, and wherein it was resolved that said instrument be not accepted by the City, that said corporation counsel return said instrument to appellee, that for the present the City do not comply with said judgment order, and that said corporation counsel take all necessary and possible steps to procure the annulment of said judgment order by appeal or otherwise.

To this replication appellee filed a general and special demurrer. The special grounds for demurrer were that appellant had not in its replication met or denied all the allegations of the plea, viz., that appellant had not denied that the release was prepared by appellant or that said three copies of said release had been kept in the possession of the City, the corporation counsel thereof, and the secretary of Civil Service Commission respectively.

We are of the opinion that the replication is substantially a good replication to said plea of release of errors. It expressly alleged that the City did not accept the alleged release set up in said plea and did not waive its right to appeal from said judgment, and it set forth the passage by the city council of the resolution on May 1, 1911, wherein it was resolved that said

alleged release be not accepted, etc. The fact of this action by the City through its city council was admitted by the demurrer.

It is contended by counsel for the City that this demurrer should be carried back to appellee's plea of release of error and the demurrer sustained as to such plea. It is argued by counsel for appellee that the plea shows that the release in question was drawn by the then corporation counsel of the City and after it was executed by appellee was delivered to said corporation counsel, that, by virtue of certain provisions of the Municipal Code of Chicago, said corporation counsel had charge of all the "law business" of the City and, therefore, had authority after judgment to waive and release errors, and that such waiver and release is binding upon the City. It is argued by counsel for the City that the plea is defective, first, because, while section 74, art. 6, chap. 24, Statutes of Illinois provides that the city council may provide for the appointment by the mayor of a corporation counsel, etc., the fact that the city council had created the office and defined the extent of his powers and duties is not alleged in the plea,—in other words the ordinance is not pleaded, and second, because the corporation counsel had no power to waive the right of the City to appeal and to execute a release of errors, etc., binding upon the City, as it was alleged in said plea had been attempted.

We are of the opinion that appellee's plea of release of errors is insufficient. In the case of O'Neill v. City of Chicago, 169 Ill. App. 546, recently decided by another branch of this court, a similar plea of release of errors was held insufficient and the demurrer to a similar replication was carried back to the plea. The plea in that case set forth the ordinances of the City of Chicago creating the office of corporation counsel and defining his powers and duties. In that case it was said (p. 553):

"It was formerly the law that, when a plea of re-

lease of errors was held insufficient in the Appellate Court, a judgment of reversal must be entered thereon. * * * But in 1907, the Legislature amended the Practice Act by inserting the following: 'A plea of release of errors, though adjudged bad or not sustained, shall not deprive the defendant of the right to join in error.' Hurd's Rev. Stat., sec. 109, chap. 110.''

A similar order will be entered in this case as was entered in the O'Neill case, viz.: The order will be that the demurrer of appellee to the replication of the City is carried back to the plea of release of errors and said plea is adjudged insufficient, and leave is given appellee, if he shall so desire, to join in error and file his brief and argument herein on or before February 5, 1913, and appellant is hereby given leave to file a reply brief, if it shall so desire, on or before February 12, 1913, and the cause will be placed on call for February 13, 1913.

*Demurrer carried back and sustained.*