## COOK, Mayor, v. BOARD OF EDUCATION OF INDEPENDENT SCHOOL DIST. NO. 15 OF ATOKA COUNTY.

### No. 8270—Opinion Filed Oct. 24, 1916.

### (160 Pac. 1125.)

**Mandamus—Subjects of Relief—Acts of Officers.**

Section 20, art. 6, c. 219, session Laws of Oklahoma of 1913, clothes the mayor of cities of the first class located in any independent school district with ministerial duties only; and under such subsection it is the duty of the mayor, upon the request of the board of education of such school district, to forthwith call an election, as provided in said section, and in the event of his failure or refusal so to do mandamus will lie to require the performance of such duty.

(Syllabus by Edwards, C.)

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the board of education of Independent School District No. 15 of Atoka county against I. L. Cook, as mayor of the city of Atoka. Judgment for plaintiff, and defendant brings error. Affirmed.

Humphreys & Cook and J. G. Ralls, for plaintiff in error.

J. W. Clark, M. C. Haile, Baxter Taylor, W. H. Parker, and Robert M. Rainey, for defendant in error.

Opinion by EDWARDS, C. This is an action in mandamus, wherein the board of education of independent school district No. 15 of Atoka county, filed its petition in the district court of said county praying for a writ of mandamus to require I. L. Cook, as mayor of the city of Atoka, to issue a proclamation for an election to be held in said city for the purpose of raising funds to purchase a school site and to erect or purchase and equip a school building, and setting out that the board of education by resolution had decided to call such election, and that W. A. McBride, Sr., secretary of said board, and authorized by the board for such purpose, had requested the said mayor to call an election, which request had in writing been refused by the mayor, a copy of such refusal being attached. Upon the filing of such petition an alternative writ of mandamus was issued ordering the issuance of a proclamation for such election, or that the said I. L. Cook appear before the court and show cause for his refusal so to do.

The defendant filed his return to said alternative writ, setting out his reasons for refusing to issue the proclamation for the calling of an election at great length, most of which is irrelevant, and, among other things, alleging that the petition or motion of the plaintiff was not sufficiently verified; that the money sought to be raised by the board of education was unnecessary; that no certified copy of the proceedings of the board of education was furnished the defendant, informing him of the action of such board; that McBride, as secretary of the plaintiff, was without authority to make request for the issuance of the proclamation; that a previous election had been held in said school district, which had rejected a similar proposition, and the calling of an election would be a useless and unnecessary proceeding and expensive to said school district; that the board of education is seeking to have such election held on a contention that the former election was not fairly held, but that such was a subterfuge and an attempt to evade a contest of said former election; that the bond issue contemplated would raise the indebtedness of said district to an amount in excess of the amount of indebtedness authorized under the Constitution of the state, and would therefore be void; that the defendant is authorized to investigate and determine for himself whether or not such proceeding was legal and would serve any useful purpose; that such school district already has sufficient grounds, buildings, and school facilities; that the demand for the proclamation was not properly made and was too full, in that it specified the voting places and the names of election officers, thereby usurping the functions of the defendant as mayor; that the board of education is not the real party in interest, but that the real party in interest is a bond buyer to whom said bonds if issued have been contracted to be sold; that defendant is entitled to a trial by jury.

Upon said cause coming on for hearing the plaintiff moved for a peremptory writ, which was by the court granted, and a peremptory writ issued, to which judgment and order the defendant excepted, and brought the case to this court by transcript. The question for

determination is: Do the provisions of section 20, art. 6, c. 219, Session Laws of Oklahoma of 1913, vest the mayor with any discretion in the calling of an election as therein provided? The section is as follows:

"Section 20. It shall be the duty of the mayor of each city governed by this article, upon the request of the board of education, forthwith to call an election, to be conducted in all respects as are special elections for city officers in the same city, except that the returns shall be made to the board of education for the purpose of taking the sense of such district upon the question of issuing such bonds, naming in the proclamation of such election the amount of bonds to be voted on and the purpose for which they are to be issued; and he shall cause to be published in a newspaper of general circulation published in the said district the time and place of such election, such notice to be given at least ten days before such election."

A mere reading of the section would seem to be a sufficient answer to this question, as its meaning is so evident that no construction is necessary, and the brief of the plaintiff in error does not contend that the defendant is given any discretion under the section of the statute just quoted. The only grounds argued in the brief for a reversal are, first, that the petition was not properly verified. The verification attached to the petition is as follows:

"State of Oklahoma, County of Atoka—ss.: W. A. McBride, Sr., being first duly sworn, makes oath and states that the facts stated in said petition are true"

—which affidavit is signed and sworn to. The statute authorizing the issuance of a writ (section 4911, Rev. Laws 1910) provides that the motion for writ must be made upon affidavit. But this objection, even if well taken, would go only to the issuance of the alternative writ, since at the time the peremptory writ was issued the defendant had made his appearance in court by filing his return to the alternative writ, thereby entering a general appearance, and it would then be immaterial whether the petition were verified at all. In 26 Cyc. 431, it is stated:

"If the complaint or petition is not verified, the proper practice is to move to reject it. If the opposite party takes issue of law or fact thereon, the objection is waived."

See, also Pallady et al. v. Beatty, 15 Okla. 626, 83 Pac. 428. The remainder of the brief of plaintiff in error is taken up with a discussion of what is admitted by the motion of the plaintiff for the peremptory writ; it being contended that all the various matters set out in the answer are admitted; such as the allegation that the funds sought to be raised by the school district were unnecessary; that a former election had been held in said district, and that it would be useless and unnecessary to hold another election; that the bonds, if issued, would have been void; that the board of education knew that it was not necessary to purchase additional grounds or erect additional buildings; and other matters hereinbefore adverted to. The true rule of law is that a motion or demurrer does not admit as true immaterial allegations, matters which are not well pleaded, matters of opinion or conclusions of law. Laughlin v. Thompson, 76 Cal. 287, 18 Pac. 330; Story's Equity Pleading, 40; Bowen v. Mauzy, 117 Ind. 250, 19 N. E. 526; Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 54 N. E. 1081; State v. School District No. 8, 76 Wis. 177, 44 N. W. 967, 7 L. R. A. 330, 20 Am. St. Rep. 41; Peake v. Buell, 90 Wis. 508, 63 N. W. 1058, 48 Am. St. Rep. 946; Starbuck v. Farmers' Loan Co., 28 App. Div. 308, 51 N. Y. Supp. 8.

The return to the alternative writ by the defendant, construed as a whole, and disregarding the irrelevant matter, matters of opinion, and conclusions of law, amounts to no more than a statement that, in the judgment of the defendant, the calling of the election was unnecessary and useless, and for that reason the proclamation should not issue. The statute, however, does not clothe the mayor with any discretionary power, and does not constitute him a judicial officer to determine the propriety or necessity of calling the election. His acts in the premises are simply ministerial, and it is expressly made his duty upon the request of the board of education forthwith to call an election to be conducted in all respects as are special elections for city officers in the same city. The necessity of calling the election or the issuing of the bonds, or whether the same, if issued, would be legal or otherwise, is not for his determination. Threadgill et al. v. Cross, 26 Okla. 403, 109 Pac. 558, 138 Am. St. Rep. 964.

It is his duty, when requested by the board of education, to issue the proclamation and call the election, and to cause a notice to be published in a newspaper as provided in section 20, supra. If for any legal reason the proclamation presented to him by the board of education is unsatisfactory, he may prepare another in conformity to the statute.

The return to the alternative writ failing to show any cause, the peremptory writ was properly ordered by the trial court.

The judgment is affirmed.

By the Court: It is so ordered.