THE PEOPLE *ex rel.* THE VILLAGE OF JUSTICE *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF HICKORY HILLS, Defendant-Appellant.

First District (4th Division)    No. 61731

Opinion filed October 27, 1976.—Rehearing denied November 18, 1976.

Joseph J. Kozlowski and John A. Smith, both of Chicago (Kozlowski & Smith, of counsel), for appellant.

Stewart H. Diamond, of Ancel, Glink, Diamond & Murphy, and James J. Jennings, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This appeal was taken from an order of the circuit court issuing a writ of mandamus directing a municipal defendant to disconnect 20 acres of land which it had previously annexed.

The history of the instant litigation is as follows. On February 15, 1965, the City of Hickory Hills passed Ordinance 65-5 annexing the south 20 acres and north 20 acres of the southwest quarter of the southeast quarter of Section 34, Township 38 North, Range 12, East of the Third Principal Meridian in Cook County, Illinois. On the same day, the Village of Justice passed Ordinance 65-1 which also annexed portions of the north 20 acres of the same territory. The Hickory Hills ordinance was recorded the following morning at 9:13 a.m. and the Justice ordinance was recorded 25 minutes later at 9:38 a.m. Prior to passage of these ordinances, there were on file with Justice certain petitions seeking annexation of land within the north 20 acres.

On December 9, 1965, Justice filed a complaint in *quo warranto* in the circuit court of Cook County seeking a judgment of ouster against Hickory Hills from portions of the north 20 acres of the property described in Justice's Ordinance 65-1. Hickory Hills subsequently passed Ordinance 66-41, on December 29, 1966, which purportedly disconnected the 40 acres previously annexed on February 15, 1965. The *quo warranto* suit was dismissed on January 11, 1967, by agreement of the parties, because, as the order stated, the attorneys for Hickory Hills represented that the territory which was the subject matter of the suit, the north 20 acres, had been disconnected. On June 28, 1968, Justice recorded Ordinance 68-12 which purported to annex the 40 original acres which had been annexed by Hickory Hills in Ordinance 65-5.

On March 26, 1973, the Appellate Court of Illinois concluded in *Page v. City of Hickory Hills* (1973), 10 Ill. App. 3d 1072, 295 N.E.2d 518, that Ordinance 65-5 passed by Hickory Hills on February 15, 1965, annexing the 40 acres was a valid one and that the ordinance recorded by Justice 25 minutes after the recordation of Hickory Hills' ordinance was of no force and effect. The court stated at pages 1075-76 of its opinion:

> "When Justice filed the *quo warranto* proceedings, the only issue before the court involved the north 20 acres, and not the subject property. The order by Judge Dougherty shows that the attorneys

for Hickory Hills represented that they had disconnected 'all the territory which [was] the subject matter' of the *quo warranto* suit. There was no misrepresentation to the court; Hickory Hills had, in fact, passed a disconnection ordinance involving the north 20 acres."

The court further found that Hickory Hills had failed to follow the statutory procedures for disconnection so that the subsequent disconnection ordinance was of no force and effect. A petition for rehearing was denied on April 24, 1973, and a petition for leave to appeal the *Page* decision was denied by the Illinois Supreme Court on September 26, 1973.

The State of Illinois on relation of the Village of Justice and certain citizens, taxpayers or owners of real property in Lyons Township, Cook County, Illinois, filed a complaint in *quo warranto* to vacate and set aside the consent order which had been issued on December 29, 1966 (actually January 11, 1967), and for entry of an order directing Hickory Hills to disconnect the subject territory. The plaintiffs alleged that Justice would not have consented to the dismissal of that action except for the representation by counsel for Hickory Hills that the territory had been disconnected; that these representations constituted constructive fraud; and that because of these representations and the decision in *Page*, the true facts could not have been discovered sooner. In its answer, Justice contended, *inter alia*, that the matters contained in the petition were res judicata by reason of *Page v. City of Hickory Hills*, and that the court lacked jurisdiction to consider the petition because the final agreed order was entered in the matter on January 11, 1967. An amended complaint filed on June 28, 1975, by Justice and certain individual relators sought a writ of mandamus commanding Hickory Hills to consent to disconnection of the north 20 acres of the disputed territory and annexation by Justice. In its answer, the defendant raised numerous affirmative defenses, including res judicata, the statute of limitations, laches and estoppel.

After a hearing, the court entered an order on February 7, 1975, for issuance of the writ of mandamus directing the defendant to take such actions as necessary to disconnect the north 20 acres. The trial judge based his order on several findings of fact, among which were the following: that Hickory Hills could not properly have annexed the north 20 acres at a time when petitions seeking annexation of portions of that land were on file with Justice; that the *Page* decision was not res judicata with regard to annexation of the north 20 acres or with regard to the individual relators who were not parties to the *Page* case; that the December 29, 1966, ordinance which purported to disconnect the north 20 acres was not passed in conformity with the requirements of Illinois

statutes; that Justice provided municipal services to the north 20 acres from 1967 to 1973; and that residents of that territory believed that they resided in Justice.

Hickory Hills appeals this decision raising the following issues: (1) whether the question of municipal jurisdiction over the territory is res judicata by reason of *Page v. City of Hickory Hills* and (2) whether the plaintiff can file an amended complaint for a writ of mandamus in a *quo warranto* proceeding 6 years after a final order of dismissal in the original *quo warranto* proceeding. We find it necessary to reach only the first issue.

Hickory Hills contends that *Page v. City of Hickory Hills* is res judicata because it was an adjudication of the very question raised in the instant case. The plaintiffs in *Page* were purchasers of a tract of land under a real · estate contract. Because both Hickory Hills and Justice claimed that the property was located in their respective municipalities, the plaintiffs were unable to make proper application for zoning and building permits. They filed a suit for declaratory judgment against both Hickory Hills and Justice, asking the court to declare which municipality had annexed the property. The circuit court decided that the subject property was within the corporate limits of Justice. However, the appellate court reversed this decision, determining first that Ordinance 65-5 passed by Hickory Hills on February 15, 1965, was valid; second, that Justice's Ordinance 65-1 purportedly annexing the north 20 acres passed the same day and recorded 25 minutes after the recordation of the Hickory Hills ordinance was of no force and effect; and, finally, that the disconnection ordinance passed by Hickory Hills on December 29, 1966, was invalid and that the subsequent reannexation by Justice was a useless act.

■■ The doctrine of res judicata is based on the requirements of justice and public policy that a matter once adjudicated should be deemed finally and conclusively settled in any subsequent litigation between the same parties where the same question arises, except where the later litigation is a direct attack by way of appeal to set aside or reverse the former adjudication. (*Lytton v. Cole* (1964), 54 Ill. App. 2d 161, 169-70, 203 N.E.2d 590.) We think that the principle of estoppel by verdict, which is but another branch of the doctrine of res judicata (*Franciscy v. Jordan* (1963), 43 Ill. App. 2d 344, 351-52, 193 N.E.2d 219) is applicable here. This principle dictates that where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will be conclusive of the same question in the later suit, irrespective of the question of whether the cause of action is the same in both suits. *People ex rel. Chicago & Eastern Illinois R.R. Co. v. Fleming* (1969), 42 Ill. 2d 231,

235, 246 N.E.2d 275; *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723; *Continental Mortgage Co. v. Hussmann Refrigeration, Inc.* (1967), 81 Ill. App. 2d 324, 327-28, 225 N.E.2d 442.

In the *Page* case, the controlling fact clearly was the validity of the annexation ordinances adopted by the two municipalities. This fact was material to the issue since the court had to determine which city or village had legally annexed the property. Having once been litigated, the adjudication of the issue was final and conclusive. Justice was therefore estopped from retrying the identical issue in a different cause of action, a mandamus proceeding, that was predicated upon Justice's Ordinance 65-1 which *Page* found to be of no force and effect, and also contested the validity of Hickory Hills Ordinance 65-5 which was found to be valid.

■■ We believe that this is a strong case for application of the principle of estoppel by verdict because the party against whom the estoppel is asserted, Justice, actually litigated that question in the former action, and even though the party asserting the application of the estoppel against another need not have been a party to the prior suit (*Chidester v. Cagwin* (1966), 76 Ill. App. 2d 477, 486, 222 N.E.2d 274), Hickory Hills was a party to the former suit. Justice, having had its day in court with an opportunity to sustain its position with respect to municipal jurisdiction over the territory, cannot be heard to offer a different complaint forcing its adversary to defend again on the same matter.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER and BURMAN, JJ., concur.