No. 710.

Evans & Taylor vs. Succession of A. M. Etheridge.

Evidence to support a motion to dismiss an appeal on the ground of acquiescence of appellant in the judgment, may be filed any time before the case is submitted.

If an *issue* is made, as to whether appellant has acquiesced in the judgment, it must be passed on by the lower court before this court will consider it.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Parsons,* J.

*Cobb & Gunby,* for plaintiffs and appellees.

*S. D. McEnery,* for defendant.

The opinion of the court was delivered by

Spencer, J. Plaintiffs and appellees file in this court a motion to dismiss the appeal on the ground that the defendant and appellant has acquiesced in and voluntarily executed the judgment appealed from. This

motion and the facts relative to the alleged execution and acquiescence are supported by the oath of appellant's counsel.

Defendant's counsel files a counter-affidavit setting out a different state of facts and denying the alleged acquiescence and execution voluntary. The record in this case was filed July 2. The motion to dismiss was filed July 3, but inadvertently the affidavit was not signed before filing the motion. The court permitted the counsel to append his signature and take the oath on the seventh. Appellant's counsel urges that the motion must be considered *as filed* on the seventh, when the affidavit was sworn to, instead of the third, when the motion itself was filed. This is too technical, especially when invoked in a case where the affidavit was not signed by a manifest inadvertency. Besides, the law does not say that documents or proofs in support of a motion to dismiss must be filed within three days. In fact, we think that a motion to dismiss on the grounds stated in this one may be made at any time before submission, since the voluntary execution or acquiescence (the grounds of the motion) may occur at any time.

But the affidavit of appellee and the counter-affidavit of appellant raise issues which this court can not primarily try, being a court of appellate jurisdiction only. The issue thus raised must be tried.

It is therefore ordered and decreed that the court *a qua* proceed to try the question whether the appellant has "voluntarily executed" or "acquiesced in" the judgment appealed from, and that its finding and judgment upon that issue be sent up to this court in due course.