### PERRY v. WOODBURY.

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. APPEAL—RIGHT TO PROSECUTE AFTER PAYMENT OF JUDGMENT.
   Payment of a judgment and costs by defendant pending his appeal therefrom will not affect his right to prosecute the appeal.

2. MASTER AND SERVANT—EXTRA SERVICES BY EMPLOYE—EVIDENCE.
   In an action to recover for medical services it appeared that plaintiff was in defendant's regular employ at a medical institute; that there was no special employment for the particular services rendered; that the services were not rendered out of regular hours; that plaintiff demanded no payment therefor until he had left defendant's employment, when he requested a loan of $50; and there was no proof that defendant ever promised to pay, but, on the contrary, there was evidence that he refused payment at the time of plaintiff's demand. *Held*, that the evidence was insufficient to support a judgment for plaintiff.

Appeal from eleventh district court.

Action by Clarence C. Perry against John H. Woodbury. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Benjamin Patterson*, for appellant. *N. S. Diossy*, for respondent.

BOOKSTAVER, J. Pending this appeal, the defendant paid the judgment and costs and obtained a satisfaction thereof, and respondent contends that these facts preclude him from prosecuting the appeal. In *Dyett* v. *Pendleton*, 8 Cow. 326, it was held that the payment of the judgment, on an execution, did not prevent the defendant from prosecuting his writ of error. In *Clowes* v. *Dickenson*, Id. 328, SPENCER, Senator, referring to the case first cited, said: "I feel confirmed on reflection that, no matter how the money is paid or collected, this cannot affect the right to try error on appeal." In *Hayes* v. *Nourse*, 107 N. Y. 577, 14 N. E. Rep. 508, it was held that a voluntary payment of the judgment, even before taking his appeal, did not prevent the defeated party from afterwards appealing, and in that case it was said: "The defendant's practice in paying the judgment, before appealing from it, is not to be condemned. It is rather to be encouraged. * * * By so doing he will save the costs of execution, and do no harm to his creditor. We think he should not, by a temporary submission to the decision of the court, be placed in a worse position than if he awaited execution, and settled it with sheriff's fees." It is not contended that the payment in this case was made by way of compromise or with an agreement not to continue the appeal; on the contrary, that right was expressly reserved, and the appeal was then pending. We therefore think he has the right to prosecute it. The action was brought by the plaintiff, as a physician, to recover for professional services, which he alleges he rendered the defendant. The complaint does not allege that the services were performed at the request of the defendant, or that he promised to pay for the same. It appears from the return that the defendant was ill, and employed Dr. Holmes, a physician, to treat him for his illness. At that time the plaintiff, who is also a physician, was in defendant's employment, as a dermatologist, on a weekly salary. By the terms of his employment he was to give all his time between the hours of 9 A. M. and 6 P. M.

to the treatment of patients suffering from skin diseases at defendant's institute for this salary, and any services rendered on Sundays or in the evenings were to be paid for by a commission out of the amount earned for such services. Besides this, he was to do other work for the defendant when asked, not strictly professional; as addressing wrappers, etc. During defendant's illness, and while under Dr. Holmes' care, the plaintiff expressed surprise that he had not been called upon to treat him, saying he could have done just as well as Dr. Holmes. Defendant denied that plaintiff treated him for that illness, while plaintiff testified he did, and, as the justice found in the latter's favor, we must assume some services were rendered. But there is no evidence in the case tending to show the defendant requested him to render the services, or made any express promise to pay for them. On the contrary, plaintiff himself testified that nothing was said about any compensation for what he had done, until about the time he left defendant's employment, when he says he demanded payment for professional services, which defendant refused to make. So that any liability to pay rests on inference only. It is true that the law will infer a promise to pay what such services are reasonably worth where there is a request to perform, and in some cases imply a request from the beneficial nature of the services, or their acceptance by the party. *Gallaher* v. *Vought*, 8 Hun, 87; *Woodward* v. *Bugsbee*, 2 Hun, 128; *Williams* v. *Hutchinson*, 3 N. Y. 318. But in *Ross* v. *Hardin*, 79 N. Y. 84, it was said: "This rule has no application when the request is to a member of the promisor's family, for the reason that the relation between the parties repels the presumption of a promise to pay, and raises a contrary presumption,—that the service was to be gratuitous; nor does the rule apply when the services are rendered by one in the employ of the person for whom they were rendered. In such cases the law implies that the services were rendered under the contract of employment, unless the contrary be shown; and this implication is much stronger if the services are of the same character as those embraced in the contract." So in *Carr* v. *Coal Co.*, 25 Pa. St. 337, a secretary of a coal company attempted to retain $200 for extra services. Judge BLACK denied the right, saying: "He was bound to do whatever his employers may have occasion to employ a secretary about." In order to entitle the plaintiff to recover, it was therefore necessary for him to show affirmatively that there was some special employment for this special service, or facts and circumstances from which it could fairly be deduced. This, we think, he failed to do. No request was proved. It was not shown that the services were beneficial. There is not only no proof that defendant ever promised to pay, but there is evidence that he refused at the time plaintiff says he made the demand. It was not shown the services were rendered out of the hours of regular employment. And plaintiff himself testified that he had treated defendant on other occasions without either asking or receiving any compensation for them. The only just inference which should be drawn from the facts of this case, we think, is that the services were voluntarily and gratutiously rendered, especially in view of the fact that defendant denied that plaintiff ever made any demand for payment for these services while in his employment; and testifies that, when he was about to leave, the plaintiff requested the loan of $50, which testimony is corroborated by a letter written by him to defendant some time after leaving his employment, in which he states he is in urgent need of $50, and importunes defendant for that amount, claiming it, not on the ground of any professional services rendered, but because he then says he had allowed defendant to use certain recipes in his business. We therefore think the judgment should be reversed, with costs to the appellant; and, as it appears by the return that the judgment has been satisfied, restitution should be ordered, as was done in *Hunt* v. *Westervelt*, 4 E. D. Smith, 225, which case is also an authority for sustaining this appeal, as it was apparently heard and certainly decided after the judgment had been

satisfied. If the plaintiff desires, after making restitution, and paying the costs of this appeal, there may be a new trial in the court below; but not otherwise.