## No. 11,434.

STATE NATIONAL BANK OF NEW ORLEANS VS. PIERRE LANAUX AND THEODORE VENISSAT.

On motion to dismiss an appeal, on the grounds of acquiescence in and voluntary execution of the judgment, this court will not determine the question on *ex parte* affidavits filed first in this court in the absence of admission of their truth by the appellant, but will remand the case to the lower court, in order that evidence may be heard and a record returned to this court for final action.

APPEAL from the Twentieth District Court, Parish of Assumption.  *Guion, J.*

*J. McConnell* and *H. E. Upton*, of Counsel, for the motion:

Acquiescence by appellant in the judgment appealed from defeats the right of appeal.  40 An. 201.

On motion to dismiss, on the ground that appellant has acquiesced in the judgment, evidence of this fact can not be introduced before the Supreme Court; the case must be remanded to try that issue.  28 An. 572; 3 An. 115; 23 An. 37; 20 An. 574; 29 An. 576; 39 An. 225.

No appeal can be taken by one who even partially executes the judgment.  28 An. 743; 18 An. 59; 18 An. 264; 4 An. 150; 14 L. 523; 37 An. 581.

*Beattie & Beattie* of Counsel, *Contra:*

It is settled jurisprudence that any waiver or renunciation of the right to appeal must be plain and unequivocal.  Leggett vs. Peet *et al.*, 1 La. 296; Yale & Co. vs. Howard, 24 An. 458; Johnson, Tutrix, vs. Clark & Meader, 29 An. 762; Hoey & O'Connor vs. Brown, 29 An. 861; Verges vs. Sheriff, 33 An. 413; Jackson vs. Michie *et als.*, 33 An. 727.

Mere passive submission to a judgment or order of court is not acquiescence which prevents appeal.

To preclude an appeal by acquiescence some act must be done; mere failure to act is not enough.   C. P. 567.

ON MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

BREAUX, J.   The appeal was taken by Theodore Venissat, one of the defendants.

The grounds for the dismissal of his appeal are that the defendant and appellant, as well also as his co-defendant, who is an appellee, have acquiesced in the judgment or order of sale appealed from by permitting the order or judgment appealed from to be executed without objection, opposition or protest.

The appellee annexes exhibits to his motion, consisting of affidavits setting forth, substantially, that although present in the parish of Assumption at the date of seizure of the property and at the date the plantation seized under the writ of seizure and sale was sold and adjudicated to the plaintiff, the State National Bank of New Orleans, the defendant and appellant, remained quiescent and offered not the most remote opposition.

That he was in the actual possession of the plantation at the date of seizure and when it was sold.

That the expenses of cultivating the plantation from the date of seizure were paid by the plaintiff bank.

That a short time after the adjudication to it, the bank sold the property to Ernest Roger.

That after the latter's purchase, the defendant and appellant having continued to occcupy the dwelling on the plantation, he was notified to vacate.

He complied with the notice and delivered possession.

General averments are made by the opponents, all to the effect that the appellant acquiesced in the judgment.

Able counsel for the defendant and appellant have not presented any argument in opposition to the motion.

In argument, the appellee, the bank, does not ask that these *ex parte* affidavits be passed upon by the court, but rely upon them in

support of their application to remand the case.    They also urge that other facts be heard prior to decision.

It occurs to us that the interest of the appellant in this appeal is not at all manifest.

Though we do not finally pass upon that question, we think it of sufficient importance to give it some consideration in remanding the case.    It has generally been held that a sale under execution, after the delay for a suspensive appeal, passes title, though the judgment is subsequently annulled, on the principle that the destruction of a power does not carry with it the destruction of the effect previously produced by the power.    Factors and Traders' Insurance Company vs. New Harbor Protection Company et al., 37 An. 233; Farrar vs. Stacey, 2 An. 211; Williams vs. Gollien, 1 R. 94; Baillie vs. Wilson, 5 M. N. S. 214.

It is therefore ordered that the case be remanded to the lower court, with instructions to the judge to hear evidence contradictorily on the questions of acquiescence and send up the record thereof, according to law.

Rehearing refused.