## JOHN A. MARKLEY
### *v.*
## THE CITY OF CHICAGO.

*Announced orally at Springfield October 12, 1897.*

1. APPEALS AND ERRORS—*payment of assessment installment is not a waiver of right of appeal.* A party to a special assessment proceeding may prosecute a writ of error to reverse the confirmation judgment within five years after its entry, notwithstanding he has paid the first installment of the assessment.

2. PARTIES—*intervention—purchaser of assessment vouchers cannot be made party to record on appeal.* A purchaser of special assessment vouchers who was not a party to the assessment proceeding can not be made a party to the record on an appeal from the judgment of confirmation by the lot owner.

3. PRACTICE—*in Supreme Court—when stranger may file brief.* The purchaser of special assessment vouchers, while not entitled to become a party defendant in an appeal by a property owner from the judgment of confirmation, has such a pecuniary interest that he will be allowed to file a brief in support of the judgment.

MOTION by Stephen W. Rawson to be made a party to the record and that the writ of error be dismissed.

RICH & STONE, for plaintiff in error.

STEPHEN W. RAWSON, *pro se.*

Mr. JUSTICE CRAIG announced the opinion of the court:

This is a motion by Stephen W. Rawson to be made a party defendant to the suit, and he asks that the writ of error be dismissed. Rawson was not a party to the original proceeding. The original proceeding was instituted by the city of Chicago under an ordinance to make special assessments to pay for the improving of a certain street in the city. The assessment was divided into five installments. The plaintiff in error, Markley, was one of the property owners whose property was assessed for the purpose of paying for the improvement. As said before, Rawson, who now asks to be made a party, had no property that was assessed and was not connected with the

proceeding in any manner whatever. It appears, how-ever, that the assessment was divided into five install-ments. The first installment was paid by the plaintiff in error, Markley, and the vouchers issued for the other four installments have been purchased by Rawson, who now desires to intervene. He claims that for the reason that Markley paid the first installment and made no ob-jection to the confirmation of the assessment when the judgment was confirmed, he is now estopped from prose-cuting this writ of error. The statute gives any person who was a party to the proceeding when the assessment was made and confirmed the right to sue out a writ of error within five years, to reverse the judgment of con-firmation. Markley, plaintiff in error, availed himself of that right, as he had the right to do, and although he paid the first installment it did not prevent him from afterwards, if he thought the judgment was erroneous, suing out a writ of error for the purpose of reversing it. It is true that Rawson now has the vouchers for four installments of the assessment, and is now entitled to collect the balance of the installments if the judgment was properly rendered and is not erroneous, but we think that the plaintiff in error has a right to prosecute his writ of error. We see no reason, and no authority has been cited to show, why Rawson has a right to intervene in the suit, and he cannot be made a party to the record. There is no authority that we are aware of under which he could be made a party. However, as he is interested in the assessment, we think perhaps he may be entitled to file a brief in the case. Of course, the suit is prose-cuted on behalf of the city of Chicago. It is the city against Markley. Rawson may, however, appear and file a brief if he desires, and in that way sustain the judg-ment if he can. Leave will be granted him to file a brief, but so far as being made a party or dismissing the appeal is concerned, the application will be denied.

*Motion denied.*