(91 South. 509)

No. 24981.

### JACKSON v. PARISH OF VERNON et al.

(Jan. 2, 1922.  On Motion to Dismiss Appeal,
March 20, 1922.  Rehearing Denied
May 1, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬳797(1)—Motion to dismiss for acquiescence in judgment may be made at any time.**

As a motion to dismiss an appeal on the ground that appellant has acquiesced in the judgment is not based on any informality or irregularity in bringing up the appeal, it may be made at any time, and need not be made within three days after filing of the transcript.

2. **Appeal and error ⬳801(1)—Motion to dismiss for acquiescence in judgment will not be heard on ex parte affidavits.**

A motion to dismiss the appeal on the ground that defendant has acquiesced in the judgment will not be determined on ex parte affidavits first filed in the Supreme Court, in the absence of admission of their truth by appellant, but the case will be remanded for the hearing of evidence.

On Motion to Dismiss Appeal.

3. **Counties ⬳54—Parishes; announcement of president of police jury that resolution adopted amounted to deciding vote in its favor.**

Where four members of a police jury voted for, and one member against, a resolution to pay certificates of indebtedness and abandon an appeal from a judgment thereon, and three members did not vote, the president's announcement that the resolution was adopted meant that he cast the deciding vote in favor of it.

150 LA.—34

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Action by Archie D. Jackson against the Parish of Vernon and others.  From a judgment for plaintiff, defendants appeal.  Appeal dismissed.

P. L. Ferguson, of Leesville, for appellants.
S. I. Foster, of Leesville, for appellee.

By the WHOLE COURT.

LAND, J.  Plaintiff obtained a judgment against the defendant, the parish of Vernon, on certain certificates issued by the police jury of said parish for labor done on the public roads and bridges in ward 6 of said parish.

Defendant appealed, and plaintiff, appellee, has filed a motion in this court to dismiss said appeal on the following grounds:

"(a) The judgment was rendered and signed in chambers on the 23d day of September, 1921, and was filed by the court below in the clerk's office only on the 26th day of September, 1921.

"(b) Your mover and appellee was not served with any notice of this appeal, and, not having waived same, was due to have legal notice thereof, which was not given.

"(c) The police jury of Vernon parish, the defendant and appellant herein, is composed of nine members, and that said body met in regular session, with all members present, on the 3d day of October, 1921, and at said meeting duly adopted a resolution acquiescing in and ordering the payment of said judgment, as will appear from a certified copy of said resolutions hereto attached and made part hereof.

"(d) That, the police jury having met and ordered the payment of said judgment, the attorney P. L. Ferguson is without authority to proceed with this appeal."

The motion to dismiss is sworn to by counsel for plaintiff, and annexed to said motion is a copy of the resolutions of the police jury that judgments recently rendered and filed in favor of the holders of said certificates be paid and discharged, and that the litigation be closed.  This copy of the resolutions of the police jury is certified as a

true and correct copy by the clerk of that body.

[1] Defendant, through counsel, has filed a motion in this court to overrule this motion to dismiss, on the ground that more than three clear days have elapsed since the filing of the transcript and before the motion to dismiss the appeal was filed, and that same comes too late.

The transcript in this case was filed on November 2, 1921, and the motion to dismiss the appeal was not filed until November 7, 1921.

While the motion to dismiss was filed too late, yet the appellee alleges in said motion that the appellant, against whom the judgment was rendered, has acquiesced in the same since the appeal in this case was taken. Scheen et al. v. Hair et al., 141 La. 606, 75 South. 427.

As the motion to dismiss an appeal on the ground that the appellant has acquiesced in the judgment is not one based on any informality or irregularity in bringing up the appeal, such motion may be made at any time. James v. Fellowes, 23 La. Ann. 37; Evans v. Etheridge, 29 La. Ann. 576.

[2] This court, however, will not determine that question on ex parte affidavits filed first in this court, in the absence of admission of their truth by the appellant, but will remand the case in order that evidence may be heard and a record returned to this court for final action. State National Bank v. Lanaux, 46 La. Ann. 467, 15 South. 59.

It is therefore ordered that the case be remanded to the lower court, with instructions to the judge to hear evidence contradictorily on the question of acquiescence, and to send up the record thereof, according to law.

O'NIELL, J., concurs in the result.

On Motion to Dismiss Appeal.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. This case was remanded to the district court for the purpose of hearing evidence on a motion to dismiss the appeal, on the ground that the defendant parish had, by resolution of the police jury, abandoned the appeal.

[3] The suit was brought on certificates of indebtedness issued by the parish for road-work. The resolution authorizing payment of the certificates and abandonment of this appeal declares in its preamble that other certificates of the same tenor, issued for similar work, were paid, and that the district court decided that these certificates also represented legal obligations of the parish. All of the nine members of the police jury were present at the meeting at which the resolution was offered. The vote was taken by roll call. Four members, not including the president, voted in favor of the resolution. Only one member, not the president, voted against it. Three members, not including the president, answered "Neutral," from which we infer that they went on record as not voting, or that they agreed to abide by the vote of the majority of those who did vote. At the conclusion of the roll call, the president declared the resolution adopted. Therefore, if we should construe the so-called "neutral" votes as being against the adoption of the resolution, the president's announcement that the resolution was adopted means that he cast the deciding vote in favor of it.

The appeal is dismissed.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.