# Commonwealth ex rel. *v.* Benton Township School Dist., Appellant.

*School law—Conveyance of children—Act of May 20, 1921, P. L. 1038.*

1. Under section 1408 of the School Code, as amended by the Act of May 20, 1921, P. L. 1038, 1041, a school district may provide a private school conveyance to carry children to and from the school which they attend.

2. If a private school conveyance is provided, it is sufficient if the children are carried between an appropriate shelter properly located, and the school they attend.

3. The carriage of children by private school conveyances is public transportation, although they are used only by such children.

*Contracts—Construction — General words — Ejusdem generis—Surplusage.*

4. The ejusdem generis doctrine applies only to the general words in a writing, which follow others specifically enumerated.

5. In construing a contract or statute no words are to be treated as surplusage unless this is necessary in order to reach a reasonable conclusion as to its meaning.

*Appeals—Moot question—Future conduct of litigant.*

6. An order or decree which relates to the future conduct of a litigant cannot be held to raise only a moot question, because, pending the appeal, the defendant is complying with it.

Argued February 20, 1923. Appeal, No. 251, Jan. T., 1923, by defendant, from order of C. P. Lackawanna Co., Jan. T., 1923, No. 9, awarding peremptory mandamus, in case of Commonwealth ex rel. James E. Rodney v. Benton Township School District. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for writ of peremptory mandamus. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.
Writ awarded. Defendant appealed.
Motion to quash appeal.

*Error assigned* was order, quoting record.

*Reese Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.—The construction adopted by the court below is contrary to the general policy of the school law.

It inflicts a hardship on the pupils in rural districts: Waller v. Mehoopany Twp. S. Dist., 26 Pa. Dist. R. 1017; Jones v. Boulter, 61 Pa. Superior Ct. 73.

*Clarence Balentine,* for appellee.—This dispute is now purely a moot question.

Every section of the School Code referring to the subject, seems to provide for transportation for children who

live more than a mile and a half from the school building to which they are assigned: Renick v. Boyd, 99 Pa. 555; Pittsburgh v. Rys. Co., 47 Pa. Superior Ct. 476.

OPINION BY MR. JUSTICE SIMPSON, March 12, 1923:

The Benton Township School District appeals from a judgment of the court below awarding a writ of peremptory mandamus, requiring it to furnish free transportation to relator's children, between the end of the private lane leading to his residence and the West Benton school, which they attend.

The facts in the case are not in dispute. Relator resides on a public road, about half a mile distant from a building, formerly occupied as the Franklin school; which is, in turn, one and nine-tenths miles from the West Benton school, where his children are pupils. The school district would not commence their transportation at the private lane leading to his home, but sent a hired wagon to convey them from the old Franklin school building to the West Benton school, and after school hours returned them to the former place. This the court below held was not proper, because section 1408 of the School Code, as amended by the Act of May 20, 1921, P. L. 1038, 1041, "relied on, applies only to public or common carriers, not, as in this case, to service by a private carrier." Whether or not this conclusion is correct depends entirely on the proper construction of the proviso to that section, the whole of which is as follows:

"Where, by the terms of this act, any distance is specified between the residence of any pupil and any public school to be attended by him, or any transportation is provided for within or beyond any particular distance, in computing such distance no allowance shall be made for the distance that the dwelling house of the pupil is situated off the public highway. All such distances shall be computed from the school building to which the pupil has been assigned, by the highway to the nearest point where a private way or private road connects the dwell-

ing house of the pupil with said highway: Provided, That the free transportation of pupils, as required or authorized by this act, may be furnished by using electric railways, school conveyances or other public transportation, when the total distance which any pupil must travel between his residence and the school, in addition to such transportation, does not exceed one and one-half miles, and when stations or other proper shelters are provided for the use of such pupils where needed."

The contention below and here was and is that the words "school conveyances," being placed between "electric railways" and "other public transportation," must necessarily be interpreted as relating only to conveyances of the same character as the others specified, that is "public or common carriers"; which the hired wagon provided by appellant was not. To this we cannot assent. The ejusdem generis argument, upon which this conclusion is attempted to be based, is inapplicable, not only because "school conveyances" are not the general words in the sentence, these being "other public transportation," but also because carriage by "school conveyances" of this character are "public transportation" though their actual use, for the purpose stated, is limited to a part of the community only (Donohugh's App., 86 Pa. 306; Phila. v. Masonic Home of Penna., 160 Pa. 572); and because, further, "school conveyances," which were a well-known method of transportation before the passage of the act, were not and are not "common carriers" in any proper sense of the term. The latter may carry school children, but that alone would not make their cars "school conveyances"; particular cars would have to be devoted to this use, before they would be so designated, and no one suggests there is any such requirement. Moreover, if the words "school conveyances" were limited in meaning to "public or common carriers," they would be surplusage, since "electric railways......or other public transportation" embraces everything in that class. The courts are not permitted, however, to so treat any words

in a contract or statute, unless no other conclusion can reasonably be reached: Vulcanite Paving Co. v. Phila., 239 Pa. 524; Orth v. Board of Education, 272 Pa. 411.

It is clear to us that the "free transportation of pupils ......authorized by this Act," as referred to in the section under consideration, means that specified in section 1404, by which "The board of school directors of any school district......may, out of the funds of the district, provide for the free transportation of any pupil to and from the public schools." Substantially similar language occurs in other sections, and nowhere does there appear any intention to limit the character of conveyance to those belonging to and used by "common carriers"; they may be any proper form of transportation prescribed by the board, certainly, in the absence of a reasonably clear expression to the contrary, they may be by private carriers, which, as stated, was not uncommon prior to the act.

So far as appears, the old Franklin school building is a "proper shelter" within the meaning of the proviso quoted, and the hired wagon is not shown to be an inadequate vehicle for the carriage of the children; hence the school district performed its full duty when this was sent to carry relator's children between that "shelter" building and the West Benton school.

A motion was made to quash the appeal, because appellant is in fact complying with the order of the court, and hence the question has become moot; but as the mandamus, which was granted, applies also to the future, and the school district may wish to return to its former practice, as herein approved so far as the existing law is concerned, it is clear that a challenge of the validity of a judgment which forbids this, cannot possibly raise only a moot question.

The motion to quash is dismissed, the judgment of the court below is reversed, and the writ of peremptory mandamus is set aside.