## MISSOURI PACIFIC RY. CO. v. HORN.

No. 14264—Opinion Filed Sept. 18, 1923.

**1. Trial—Province of Jury—Issues of Fact.**

The introduction of competent conflicting testimony in the trial of a cause, or evidence from which reasonably prudent men may arrive at different conclusions, creates an issue of fact for submission to the jury.

**2. Appeal and Error—Questions of Fact—Verdict.**

If there is any testimony that reasonably tends to support the verdict of the jury, it will not be reversed on appeal.

## 3. Same—Sufficiency of Evidence.

Record examined, and held, to be sufficient to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Noah Horn against the Missouri Pacific Railway Company for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Thos. B. Pryor and W. L. Curtis, for plaintiff in error.

Geo. W. Leopold and J. F. Brett, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced this action in the district court of Muskogee county against the defendant for damages alleged to have been suffered by plaintiff on account of fire being communicated from defendant's right of way on to the premises of the plaintiff. It is alleged by plaintiff that the fire in question burned over 25 or 30 acres of pasturage, and destroyed and burned fencing, straw stacks, and orchard of plaintiff, resulting in damages to the amount of $2,500. Upon a trial of this cause the jury returned its verdict in favor of the plaintiff in the sum of $1,000. The defendant alleged: (a) There is not sufficient competent proof to support the verdict: (b) that the verdict is excessive. Plaintiff's orchard consisted of about 150 peach, cherry, and plum trees, of about six years growth. A real estate agent residing in Muskogee testified that he was familiar with the reasonable market value of property similar to plaintiff's, in that vicinity; that he had been engaged in the real estate business for several years. He further testified that the orchard was reasonably worth the sum of $1,100. The record discloses that the witness was properly qualified to testify as to the value of the property. The defendant offered a witness who testified that he was familiar with the value of orchards and had been engaged in caring for an orchard for several years. This witness testified that he had gone on to the premises in question and was familiar with the property, and that it was reasonably worth the sum of $350. The other items of damage, totaling about $150, are not questioned by the defendant. We think the witnesses for both plaintiff and defendant were sufficiently qualified to testify as to the value of plaintiff's orchard. There being an issue of fact created by competent evidence offered by the parties to the action, the ques-

tion of the amount of plaintiff's damages became one for submission to the jury. The jury would have been justified in returning a verdict for a larger sum, if it had given full effect to the plaintiff's testimony. On the other hand, if it had taken the testimony of the defendant alone, it would have been justified in returning a verdict for the plaintiff in a sum not to exceed $500. The question submitted on this appeal for review is the sufficiency of the testimony to support the verdict of the jury. The evidence having shown an issue of fact between the parties, it became a question for the jury to determine plaintiff's damage by a consideration of all the testimony in the cause.

It is apparent from the record that there is competent testimony to warrant the jury in arriving at its verdict. If there is any testimony that reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal. Young v. Cole 91 Okla. 113, 216 Pac. 429; Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381; C., R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096; Kinney v. Williams, 66 Okla. 177, 168 Pac. 196; Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176.

It is therefore recommended that this cause be affirmed.

By the Court: It is so ordered.