ROGERS, J.
 

 Plaintiff appeals from a judgment dissolving a provisional seizure and awarding damages against him in the sum of $200 for its wrongful issuance. The judgment was rendered on a rule by defendant for the dissolution of the writ and for the recovery of $250 as damages for attorney’s fees.
 

 Appellee has moved to dismiss the appeal, on the ground that appellant, by-removing the keeper from the seized property pending the appeal, has acquiesced in the judgment. Appellant counters with the proposition that the motion is too late; since it was filed m.ore than three days after the transcript was lodged in this court.
 

 Appellant’s proposition is untenable. A motion to dismiss an appeal on the ground of acquiescence in the judgment is not based on any informality or irregularity in bringing up the appeal, and need not be made within three days after the transcript is filed. Jackson v. Parish of Vernon, 150 La. 1057, 91 So. 509.
 

 Nevertheless, we cannot dismiss the appéal. Whatever may be the force of appellee’s contention regarding the release of the •seizure, the judgment appealed from embodies a moneyed award against the appellant, in which no pretense is made that he has acquiesced.
 

 The defendant, under a written lease, is plaintiff’s tenant in the premises No. 7600 St. Charles avenue, in -the city of New Orleans, which he occupies in part as a drug store and in part as a dwelling house. Plaintiff caused the contents of the leased premises to be provisionally seized, on the general allegation that, although no rent was due, he had good reasons to believe his tenant would remove such property, thereby depriving him of his lessor’s lien and privilege thereon.
 

 The evidence adduced on the trial of the rule to dissolve the seizure shows that there was no room for the grave apprehension of plaintiff that -the defendant was about to remove his furniture and effects from the leased premises, so as to deprive plaintiff of his rent. The facts, as we find them, are that defendant, under a clause which permits him to sublet the leased premises, was trying to sell out his business, with a view of removing to the state of Mississippi. Defendant, in carrying out his purpose, was not acting secretly. He had a business worth in excess of $12,000,
 
 *869
 
 which it would hav.e been folly for him to sacrifice. He testified that it was his intention to make the sale only in the event the new tenant would be satisfactory to his lessor. Plaintiff was advised of this, and also of the fact that defendant would not remove to Mississippi, unless plaintiff was willing to permit him to deposit in escrow in the bank a sufficient amount of money to discharge the outstanding rent notes as they became due. While the negotiations were pending between the parties, and while defendant, according to their mutual agreement, was waiting on plaintiff to declare his intentions, plaintiff, without warning, caused the provisional seizure to be run.
 

 Under this state of facts, we think the provisional seizure was properly dissolved, with damages for attorney’s fees.
 

 Defendant contends in argument, although the writ of provisional seizure was not obtained on that ground, that defendant under the terms of the lease was under an implied obligation to continue to occupy and operate the leased premises as a drug store, thereby preserving its zoning status, which would be lost if he permitted defendant to deposit in escrow the amount of the outstanding rent notes and to close the place. But he never communicated his fears on this point to defendant, assuring him, on the contrary, that he would consider the matter and advise him later of his decision. Instead of doing this, as stated, plaintiff resorted to the writ of provisional seizure.
 

 Plaintiff invokes Code Prae. art. 237, and Civ. Code, art. 2705, in support of his argument that he was not only entitled to the provisional seizure to protect his rent, but also to secure the fulfillment of the obligation of his lessee to operate the premises as a drug store, thereby preserving its zoning status.
 

 It is questionable whether defendant bound himself by the terms of the lease to continue the operation of the drug store in the leased premises. But, if it be conceded, arguendo, that he did so, and that he violated the obligation, nevertheless plaintiff’s remedy was not to be found in a provisional seizure. Under Code Prac. art. 287, a writ of provisional seizure can be resorted to only in the case where a lessor sues for rent due or to become due, and not in the case where the lessor sues for the enforcement of a claim for the violation of some other obligation of the lease.
 

 The pledge accorded the lessor under Civ. Code, art. 2705, on the movable effects of the lessee in the leased premises to secure the obligation of the- contract, other than the payment of the rent, may be enforced by a writ of sequestration, but it cannot be enforced by a writ of provisional seizure, which is restricted to certain enumerated cases of privilege. Smith v. Smith, 2 La. Ann. 448; Griffith v. Keller, 147 La. 540, 85 So. 233.
 

 For the reasons, assigned, the judgment appealed from is affirmed.