## Commonwealth v. Bingaman.

*Emerson B. Rasbridge*, for Commonwealth; *Stevens & Lee*, for defendant.

SCHAEFFER, P. J., April 4, 1930.—The defendant, Charles Bingaman, is the grandfather of May Bingaman, a child of school age, and has the care and custody of said grandchild. Mr. Bingaman resides in Lower Alsace Township, and his granddaughter is required to attend the Woodrow Wilson School at Stony Creek Mills, which is three and three-tenths miles by the nearest highway from the residence of the defendant. The school district has provided a shelter, which is admittedly a proper one, at a point upon a public road which is seven-tenths of a mile distant from the home of the defendant. From this shelter the school district transports the children by a school bus to the school house, a distance of two and six-tenths miles. The grandfather has been prosecuted for failure to require his grandchild to go to school, and, after hearing, was found guilty of violating section 1 of the Act of April 4, 1925, P. L. 131, which is an amendment of section 1414 of the School Code approved May 18, 1911, P. L. 309. From this summary conviction the defendant has appealed. The issue involves the construction of the sections of the School Code and its amendments dealing with the transportation of pupils to the school house.

Article XIV of the School Code of 1911 defines pupils and attendance. Section 1404, under this article, provides that the board of school directors may provide for the free transportation of any pupil to or from the public schools. Section 1406 provides that schools may be closed and consolidated, in which event it becomes the duty of the school district to furnish transportation to

pupils who belong to any closed school and reside one and one-half miles or more from the school to which they are assigned. Section 1408 provides for the computation of the distance and the method of transportation. This latter section was amended by section 4 of the Act of May 20, 1921, P. L. 1038, which has been, in turn, amended by section 4 of the Act of May 13, 1925, P. L. 628, which, after defining the points between which the distances should be measured, contains the following proviso: "Provided, That the free transportation of pupils, as required or authorized by this act, or any other act, may be furnished by using either school conveyances, private conveyances, or electric railways, or other common carriers, when the total distance which any pupil must travel by the public highway to or from school, in addition to such transportation, does not exceed one and one-half miles, and when stations or other proper shelters are provided for the use of such pupils where needed."

Section 1418 of the School Code has been amended by the Act of March 29, 1927, P. L. 75, and is as follows: "In case there is no public school in session within two miles by the nearest public highway, of the residence of any child, such child shall be exempt from the provisions of this act relating to compulsory attendance, unless proper free transportation be furnished to such child to and from school."

Has "proper transportation" been furnished for the defendant's granddaughter? These various sections and their amendments must be read together. The defendant contends that the proviso in the Act of 1925, *supra*, is ambiguous; but, in our estimation, it covers the case before us. We need not determine whether or not the school board must furnish transportation, although there is authority to the effect that the word "may" in the proviso of section 1408 must be read as "shall." In the event that the school board does not do so, the child cannot be required to attend school. But the school board, in providing a proper shelter and in providing transportation for two and six-tenths miles, requires the child to walk only seven-tenths of a mile, which is, of course, less than one and one-half miles.

In Jones v. Boulter, 61 Pa. Superior Ct. 73, at page 82, it is said: "Section 1408 clearly indicates that free transportation of all pupils residing more than one and one-half miles from the school is provided for. Under certain conditions, the pupils may be required to walk one and one-half miles to meet a public conveyance when stations are maintained."

In Com. ex rel. v. Benton Township School District, 277 Pa. 13, the child resided half a mile from the building formerly occupied as the Franklin School, which is, in turn, one and nine-tenths miles from the West Benton School, to which the child was assigned. The school district began and ended its transportation at the old school building. It was held that this was proper transportation within the meaning of the act.

In providing transportation for all but seven-tenths of a mile of the distance which defendant's grandchild must travel, we believe that the school district has performed its full duty as defined by existing law. There are, of course, many children in the country and city who must walk longer distances than the defendant's granddaughter is required to walk. As was said in Jones v. Boulter: "The parents must coöperate with the school directors in providing the best means of transportation possible under the existing circumstances and at the least expense. When school directors have endeavored to accomplish this, in good faith, having in mind the funds in their custody available for this purpose, they have performed their full duty in this regard."

Our conclusion is that the transportation furnished by the district from the shelter to the Woodrow Wilson school building and back to the shelter is proper free transportation within the meaning of the act, and that, therefore, the child is not exempt from the provision relating to compulsory attendance.

And now, to wit, April 4, 1930, the defendant is adjudged guilty and is sentenced to pay a fine of $2 for the use of the School District of Lower Alsace Township and the costs of prosecution and of this appeal.

From Charles K. Derr, Reading, Pa.