ASSOCIATED MOTORS, INC., v. BURK

———

(June 16, 1930. Opinion and Decree.)
(July 23, 1930. Rehearing Granted.)
(October 20, 1930. Opinion and Decree on Rehearing.)

———

L. R. Wertheimer, of New Orleans, attorney for plaintiff, appellee.

F. B. Freeland, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Associated Motors, Inc., by executory process, caused the seizure and sale of a Lincoln automobile. Pending the sale the American Manufacturing Company seized, under a writ of fieri facias, all right, title and interest of Joseph T. Burk in and to the automobile. At the sale the automobile brought $500, which was more than enough to satisfy the mortgage claim of the Associated Motors, Inc., but not enough to satisfy the claim of one Joseph David, holder of a recorded second mortgage, and, of course, not enough to satisfy the claim of the American Manufacturing Company under the judgment obtained by it in another suit.

Associated Motors, Inc., by rule nisi, sought to compel the constable, who had conducted the sale and who held the proceeds, to turn over sufficient of those proceeds of the sale to satisfy the first mortgage claim of Associated Motors, Inc.

Joseph David, holder of the second mortgage, by similar proceedings, sought to obtain the balance which would have remained had the claim of the Associated Motors, Inc., been paid. Both rules were made absolute and the constable was ordered to apply the proceeds, first, to the payment of the first mortgage claim of Associated Motors, Inc., and the balance to the payment of the second mortgage claim of Joseph David.

From this judgment the American Man-

ufacturing Company prosecutes this appeal.

We are asked to dismiss the appeal on two grounds: That the judgment has been acquiesced in and that the question of the priority of the liens has become moot because of the alleged release of the seizure made under the writ of fieri facias issued on behalf of American Manufacturing Company.

Appellant contends that the motion to dismiss comes too late, since it was filed more than three days after the filing of the transcript of appeal.

Mover, however, counters with the suggestion that it is not all motions to dismiss which must be filed within three days of the lodging of the transcript, but only those which are based on informalities and irregularities in bringing up the appeal, and that a motion to dismiss because of acquiescence may be filed at any time. This seems to be correct. James v. Fellowes, 23 La. Ann. 37; Cockerham v. Bosley, 52 La. Ann. 65, 26 So. 814; Jackson v. Parish of Vernon, 150 La. 1057, 91 So. 509.

The acquiescence is claimed to result from the fact that the writ, under which the sheriff, on behalf of the American Manufacturing Company, attempted to seize, in the hands of the constable, the rights of Burk in and to the automobile, was returned unsatisfied and that the return showed that the attorney for the American Manufacturing Company had instructed that the seizure be released.

This would seem to be a very serious contention, except for the fact that the judgment appealed from was not rendered until some time after the return of the writ, and except for the further fact that another return was afterwards filed showing that the recitals contained in the first were erroneous.

So far as the charge that the judgment has been acquiesced in is concerned, we find in the supplemental brief filed by counsel for appellee an admission that there was no acquiescence, since the act charged as acquiescence took place before the judgment was rendered.

We also find that the question presented here in the contention that the right of appellant, being based on the alleged error, has been lost by the release of that seizure, was not presented below because at the time of the trial it had not been discovered that the return of the sheriff showed the release of the seizure.

Since there are two returns, one showing a release and another showing that the first was erroneous, and since appellee insists on its motion to dismiss, we deem it advisable to remand the matter to the trial court, to the end that there the facts concerning the two returns and the truth of the recitals therein contained may be investigated, and so that the court may render on the question now presented, such judgment as may seem to it appropriate.

For the reasons assigned it is ordered, adjudged, and decreed that this matter be remanded to the First City Court of New Orleans, for further proceedings not inconsistent with the views herein expressed, and it is further ordered that the costs of this appeal be borne by the appellant. All other costs to await final judgment below or final decree of this court.

## ON REHEARING

JANVIER, J. This matter is before us on rehearing and the only question which we are now considering is whether the appeal should be dismissed because of ac-

quiescence in the judgment and because of the loss of appellant's rights by the voluntary dismissal of the seizure by which alone his lien was brought into existence.

The facts are fully stated in our original opinion.

Our former decree remanded the matter for the taking of testimony as to the matters set forth in the second return of the sheriff.

Both parties at interest have requested that a rehearing be granted and that we render a final decree on the record as it is now constituted without requiring that additional evidence be submitted below and we, therefore, deemed it advisable to recall our order remanding the matter for further testimony.

There is no doubt that the writ of fieri facias under which the seizure was made was returned by the sheriff and that neither a copy thereof nor an alias or alternative writ was retained by him. Thus such seizure as there had been was released and any lien the seizing creditor may have had as a result of that seizure was lost. When the lien was lost manifestly the claim for a share of the proceeds as a lienholder was also lost. Black v. Catlett, 1 Rob. 540; Simpson v. Allain, 7 Rob. 500; Sheldon v. New Orleans Canal & Banking Co., 11 Rob. 183; Roman v. Denny, 19 La. Ann. 524.

This resulted immediately upon the filing of the return by the sheriff and no subsequent return could reinstate it.

It is, therefore, ordered, adjudged and decreed that the appeal be and it is dismissed at the cost of appellant.