### HALL v. FEDERAL LAND BANK OF NEW ORLEANS.

#### No. 5557.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Harold Moses and Woollen H. Walshe, both of New Orleans, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

TALIAFERRO, Judge.

The transcript in this case was lodged here on June 28, 1937. The case, in October, was fixed for argument at the Monroe session in November and submitted on the 3d day of that month. On October 30th, appellee filed a motion to dismiss the appeal, based upon the allegation that appellant, since the perfection of the appeal, had acquiesced in the judgment appealed from by voluntarily executing it. The lower court condemned appellant to pay $75 counsel fee of appellee. The motion specifically alleges that this part of the judgment has been voluntarily paid. In the alternative, mover prays that the case be remanded to the end that testimony be taken in the lower court germane to the issues tendered by the motion.

Appellant admits payment of the $75 award against it, but contends that such payment was made under compulsion to prevent the seizure and sale of its property (the appeal being devolutive), as was at the time threatened. Consideration of the motion is opposed for the alleged reason that it came too late, in that it was only filed on the third day prior to the trial of the case in this court. Greater New Orleans Homestead Association v. Korner, 11 La. App. 59, 123 So. 181, decided by the Orleans Court of Appeal, is cited in support of this contention. That case does uphold appellant's contention in this respect, but we do not concur in that court's action on the motion therein passed on.

Motion to dismiss an appeal on the ground of voluntary acquiescence in the judgment is timely if filed prior to decision on appeal. Such motions have not as a basis any informality or irregularity in bringing up the appeal, but strike at the very foundation of the right to further prosecute the appeal and, therefore, the three-day limit

486

for filing a motion of this character after the transcript is lodged or the case fixed for hearing has no application. Jackson v. Parish of Vernon, 150 La. 1057, 91 So. 509; Hochfelder v. Russell, 169 La. 866, 126 So. 219; James v. Fellowes, 23 La.Ann. 37; Evans & Taylor v. Succession of Etheridge, 29 La.Ann. 576.

The motion to dismiss and reply thereto tender issues which this court, possessing only appellate jurisdiction, is without power presently to determine. Anent such an issue, the court in the Evans & Taylor Case, supra, pertinently said:

"But the affidavit of appellee and the counter-affidavit of appellant raise issues which this court can not primarily try, being a court of appellate jurisdiction only. The issue thus raised must be tried."

See, also, Ryland v. Harve M. Wheeler Lumber Company, 146 La. 787, 84 So. 55.

For the reasons herein assigned, it is ordered that this case be remanded to the district court for the purpose of determining the issues raised by the motion to dismiss, and to this end, that court is directed to receive testimony pertinent to such issues and to give such further consideration to the case as the law warrants.