## RICHARD et al. v. LE BOEUF.*
### No. 1873.

Court of Appeal of Louisiana. First Circuit.
June 30, 1938.

N. F. Anderson, of Lake Charles, for appellant.

Thos. Arthur Edwards, of Lake Charles, for appellees.

DORE, Judge.

This suit is by eight land owners and tenants against the defendant to enjoin and restrain him from interfering with their use of a road running from the public road on the south to a common pasture on the north, which road runs through and along the side of some property owned by the defendant and affords an outlet to plaintiffs who live along this road and adjacent thereto. In addition to the prohibitory injunction to prevent defendant from interfering with their use of said road, plaintiffs ask that a mandatory injunction issue ordering defendant to remove a fence and gate placed across said road by defendant in order to prevent the use thereof by plaintiffs and others residing in the neighborhood. A temporary restraining order was prayed for and granted, and a rule for a preliminary injunction was issued.

Defendant filed an exception of no cause or right of action to the rule which was overruled. The defendant filed a motion for a rehearing on the judgment of the court which overruled the exception of no cause or right of action, which motion was denied. On the failure of defendant to answer the rule, a preliminary injunction issued on bond. Defendant then filed an answer to the main demand, and the case was tried on the merits on June 29, 1937, and taken under advisement by the court. On October 20, 1937, a judgment was rendered making permanent the writ of preliminary injunction, and decreeing that "a mandatory injunction will be granted ordering and directing defendant to remove the obstruction which he has placed across said road." From this judgment the defendant obtained and perfected a devolutive appeal.

A motion was filed in this court by the appellees to dismiss the appeal on two principal grounds: first, that the transcript is incomplete in that it does not contain the judgment from which the appeal is taken; and second, for the reason that the defendant and appellant had acquiesced

*Rehearing denied July 27, 1938.

in the judgment by complying with that part of the judgment which ordered a mandatory injunction to issue to compel defendant to remove the obstruction placed by him in said road.

Appellant answered the motion to dismiss and showed that the transcript has been supplemented and the missing documents filed therein, the same having been omitted by the clerk through an oversight. This being true, this part of the motion to dismiss needs no further consideration. The appellant in his answer to the motion to dismiss admitted that subsequent to the date on which the judgment appealed from was rendered, he removed the obstruction placed by him in said road; but that before removing said obstruction, he instructed his attorney to prosecute an appeal from the adverse judgment and at no time did he intend to acquiesce in the judgment or abandon his right of appeal.

Under Article 567 of the Code of Practice, a party loses his right of appeal where he voluntarily executes the judgment rendered against him. In such a case, he is presumed to consent to the judgment and there is then nothing left for the appellate court to decide. However, if there are separate and distinct parts of a judgment, and the party condemned executes only one of these separate and distinct parts without intending to abandon his right of appeal as to the other part, he may still prosecute his appeal on that part in which he has not acquiesced. Succession of Kaiser, 48 La.Ann. 973, 20 So. 184; Hochfelder v. Russell, 169 La. 866, 126 So. 219.

In our opinion that part of the judgment that permanently enjoined defendant from interfering with the use of the road by plaintiffs is separate and distinct from that part which ordered a mandatory injunction to issue to compel him to remove the obstruction which he had placed in the road. He could well comply with the latter part of the judgment by removing the fence and gate as he did, and yet interfere in many other ways with the use of the road by the plaintiffs. Moreover, the removal of the gate and fence did not have the effect of showing that defendant assented to that part of the judgment which held that this road had been dedicated as such by defendant. It is that part of the judgment which holds that the road was dedicated by defendant for public use which served as the basis for making the injunction permanent and which formed the basis for the issuance of the prohibitory injunction. This injunction would just as well issue and be perpetuated had defendant never erected the fence and gate across the road, but had otherwise interfered with its use. The motion to dismiss is therefore overruled.

## On the Merits.

The defendant owns the SE¼ of SE¼ of Sec. 28, Tp. 14, S.R.8, West, and a strip one acre long north and south by one-half acre wide east and west lying alongside this forty acres, and being in the SW¼ of SW¼ of Sec. 27, same township and range. The remainder of the SW¼ of SW¼ of Sec. 27 is owned by Luke Richard, one of the plaintiffs. The forty acre tract north of the forty owned by defendant is owned by another plaintiff and the forty north of the forty owned by Luke Richard is owned by still another plaintiff, and the other plaintiffs either own or occupy other tracts north of these tracts. A public road runs east and west along the south side of the two forties above described.

The road about which this controversy centers runs from a pasture gate at the north corner of the two forties down toward the public road, and intersects the public road a few feet west of the east line of the one-half acre tract owned by the defendant bordering on the public road. This road leading from the pasture gate is therefore about a quarter of a mile long, and is approximately 30 feet wide, there being a fence and trees on either side. The road is sometimes referred to as a lane. This road or lane is straight from the pasture gate down to the point where it strikes the north line of the one-half acre tract owned by the defendant, at which point the road turns slightly to the east, running through this one-half acre tract at a slight angle from the center on the north almost to the east line on the south, thus splitting the one-half acre tract with the larger area on the west side, next to the forty owned by defendant.

When the defendant acquired said forty acre tract and the half acre tract in 1909, there had been granted by defendant's author in title to the owner of the forty just north of defendant's forty, one of the plaintiffs, a right of way, or road, 25 feet wide to the public road, off the east side of the defendant's forty. It is clear that if this road had been run along the east

side of defendant's forty, it would have separated the forty from the half acre tract just east of it. No road has ever been run along this reserved route.

In 1910, Armelian Richard, who then owned property north of the forty acre tract adjoining defendant's forty on the east, purchased a strip 15 feet wide off the west side of this forty, apparently for the purpose of sharing with defendant in the opening of the road to the public road. From the situation as it existed in 1910, it is apparent that defendant and the adjoining owners then intended to give an outlet to the public road between the two forties.

It appears from the evidence that about the year 1910, the defendant and Armelian Richard and the then owner of the forty east of defendant agreed on the route for the outlet to the public road, and the road was then laid out and established by these parties over the route as already described. The parties, including defendant, built their fences with the road as located; and the defendant, the plaintiffs, as well as other parties living in the vicinity, have used and recognized this road ever since. These facts are not seriously disputed by the defendant.

The principal contention of defendant is that the road is a discontinuous servitude, and that such a right of passage cannot be acquired by usage; that a deed or writing is necessary; and if a dedication for public use is sought to be shown, such dedication must be proved by clear and positive words and acts indicating an intention to make the dedication for public use. Of course, there is no deed from defendant showing a dedication of this road to the public. The greater part of the road on the defendant's land is that part of the road running at an angle across the half acre tract, there being only a small part of the road lying on the northern part of defendant's forty.

The mere use of a road or passage unattended by clear and positive acts and words on the part of the owner of the land indicating an intention on his part to dedicate the road for public use will not suffice to support the dedication. Torres v. Falgoust, 37 La.Ann. 497. But on the other hand, the dedication can be shown where the words and acts of the owner show that an intention to dedicate the road to public use, and when these words and acts are coupled with a use of the road for a long period of time. This rule is stated by the court in the case of Anderson v. Thomas et al., 166 La. 512, 117 So. 573, as follows (page 579): "No particular form of deed, or deed at all, is necessary for the dedication of land to the public; it suffices that the owner permits the land to be used by the public with the intention of making the dedication. Dedications to public use, and servitudes in favor of the public, are not governed by the strict rules which apply to private property; the visible signs of dedication and open use of the property by the public supply the place of both title and registry."

When it is considered that at the time this road was laid out and located by the defendant and the adjoining owners in 1910, the defendant was then bound to give as much as 25 feet across the east side of his forty under a deed by a former owner; and when we consider the further fact that the location of the road as it now exists operated to the advantage of the defendant in keeping his property from being divided to his inconvenience, coupled with the fact that he actually assisted in locating and laying out the road and has used it with the public ever since, indicates clearly and unmistakably that he intended to and did dedicate this road over his land for public use.

The judgment appealed from being correct is therefore affirmed.