Dennis R. **STARKE** and Carole J. Starke, Appellees,

v.

**Mary Rose HORAK, Appellant.**

No. 59189.

Supreme Court of Iowa.

Dec. 21, 1977.

Pickens & Barnes and Ted V. Ruffin, Cedar Rapids, for appellant.

Dull, Keith & Beaver, Ottumwa, for appellees.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves three problems in a negligence action involving two personal injury claims arising out of a rear-end automobile collision. At the heart of the appeal lies the contention by defendant Mary Rose Horak that the jury verdicts of $80,000 and $100,000 respectively for plaintiffs Dennis R. and Carole J. Starke are excessive. Horak states in her brief, "It is submitted, by any fair and disinterested examination of the record in this case, that these verdicts are each blatantly excessive and a substantial remittitur should be ordered by this court . . . .. A verdict in the amount of $50,000.00 for each plaintiff would amply compensate these plaintiffs for what they have gone through in the past and what the future holds in store for them."

I. The first problem arises out of a motion to dismiss the appeal. Horak carried liability insurance with limits of $50,000 per person and $100,000 per accident. Prior to litigation, Horak's insurer made advance payments to Starkes of $2742.07. After the verdicts, Horak filed a motion for new trial and with it she tendered $98,233.58 to Starkes, computed as follows: $100,000 (policy limits) plus $100.65 (accrued court costs) and $875 (interest on $180,000 from verdict to tender) minus $2742.07 (advanced). The tender was upon condition that Starkes accept the payment in full. Starkes refused to do so. The trial court overruled the new-trial motion.

Horak then amended the tender deducting the court costs and withdrawing the condition of full payment, but adding the following statement: "This tender of payment as originally made, and as made at this time, is without waiver of, or estoppel against, the right to file an appeal to the Iowa Supreme Court to appeal the interest of the Defendant insured Mary Rose Horak as the Defendant intends to do." Starkes took the payment ($98,132.93), and Horak appealed.

Starkes moved in this court to dismiss the appeal because of the payment on the judgments. We ordered the motion submitted with the appeal.

Ordinarily voluntary compliance with a judgment by a party requires dismissal of his appeal. *Credit Industrial Co. v. Bendixen,* 255 Iowa 1020, 125 N.W.2d 262. But this court does not have a wooden attitude about dismissal and we have held that payment of costs does not waive appeal. *Vermeer v. Sneller,* 190 N.W.2d 389 (Iowa). Subsequent to *Vermeer* we held, in a case close in principle to the present one, that payment of half of fines which were levied did not preclude review. *Sound Storm Enterprises, Inc. v. Keefe, Judge,* 209 N.W.2d 560, 565 (Iowa) ("This does not constitute review-precluding satisfaction of judgment."). Thereafter we held that acceptance as distinguished from payment of an amount admittedly due would not waive appeal. *In re Marriage of Abild,* 243 N.W.2d 541 (Iowa). More recently we expanded the rule that involuntary payment does not waive appeal and stated, "A further reason for rejecting defendants' argument is that in recent years we have retreated from the severe appellate waiver doctrine which they espouse." *Millsap v. Cedar Rapids Civil Service Comm'n,* 249 N.W.2d 679, 683 (Iowa).

Horak emphasizes two factors here: the judgment was not paid in full, and she expressly reserved the right to appeal. Several courts have held that part payment, although voluntary, does not waive the right to appeal. *Markley v. Chicago,* 167 Ill. 626, 48 N.E. 1056; *Hochfelder v. Russell,* 169 La. 866, 126 So. 219; *Philips v. Frank,* 137 So.2d 69 (La.App.); *Maddox v. District Supply, Inc.,* 222 Md. 31, 158 A.2d 650, cert. den. 364 U.S. 872, 81 S.Ct. 114, 5 L.Ed.2d 93, reh. den. 364 U.S. 917, 81 S.Ct. 270, 5 L.Ed.2d 230; *Alban v. Evans,* 2 Ohio Dec. Rep. 298, 2 W.L.M. 325; *Commonwealth v. Benton Twp. School Dist.,* 277 Pa. 13, 120 A. 661. See 4 Am.Jur.2d Appeal & Error § 260 at 757; 5 C.J.S. Appeal & Error § 1354(6) at 426. At least one court holds that reservation of the right to appeal at the time payment is made negates waiver of appeal. *First National Bank of Jefferson Parish v. Louisiana Purchase Corp.,* 328 So.2d 727 (La.App.); *Gibbs v. Tourres,* 50 So.2d 652

(La.App.). See also *Perry v. Woodbury,* 44 N.Y.St.Rep. 287, 17 N.Y.S. 530.

We need not now decide whether partial payment or reservation of appeal rights, standing alone, avoids waiver of the right to appeal. We have both factors here, and we hold that they preclude waiver. Apart from those factors, policy considerations favor our conclusion. The appeal has pended for a period of nearly two years. By virtue of the payment in the trial court, the injured Starkes have had approximately $100,000 during that period. We think we should not foster a rule which would discourage early reparation of injured parties. See *Ferris v. Anderson,* 255 N.W.2d 135 (Iowa). Since Horak suggests a remittitur to the amount she paid, we have no occasion to decide at this time whether she would be restricted in her appeal to contesting the unpaid amount of the judgment.

We thus overrule the motion to dismiss.

■ II. One of Horak's two contentions on the merits of the appeal is that the trial court erroneously failed to submit forms of verdict which would allow the jury to find for Horak. At the bar her counsel expressed lack of confidence in this contention and our investigation supports his misgiving. We nonetheless consider the contention.

The trial court was in the following unusual position. At the commencement of trial defendant Horak's attorney announced, after referring to another matter not involved now, "I'll advise the Court, secondly, and apart from the record I've just made and I've already told Mr. Keith [Starkes' attorney] and told the Judge that defendant is admitting liability in this case, and I'm doing it now for the record." By the close of the evidence the proof of damage was before the court and jury, showing severe whiplash injuries, substantial general damages, and out-of-pocket expenses to that time of $4431.09 for Mr. Starke and $4,997.19 for his wife.

The case involved two major issues, liability and damages. Horak judicially admitted liability. Damage, of course, had to

exist or Starkes had no causes of action. *Wolfswinkel v. Gesink,* 180 N.W.2d 452, 456 (Iowa) ("Generally, the wrong or negligence of the party charged gives in itself no right of action to anyone."); Prosser, Torts, § 30 at 143 (4th Ed.) ("Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case."); 65 C.J.S. Negligence § 6 at 533, 65A id. § 175 at 306.

Horak admitted liability and the evidence before the trial court showed beyond question that Starkes sustained some damage; the *amount* of damage was the only fact issue. Actually the only question in the case was, how much? In that situation the trial court properly followed the principle that while the whole case should not be withdrawn from the jury, the amount of recovery only should be submitted to that body. *Henry v. Central R. R. & Banking Co.,* 89 Ga. 815, 15 S.E. 757; *Missouri P. Ry. v. Horn,* 92 Okl. 148, 218 P. 689. A form of verdict in favor of Horak, followed by a jury verdict for Horak, would have merely invited a new trial under this particular record. *Householder v. Town of Clayton,* 221 N.W.2d 488 (Iowa); *Schmatt v. Arenz,* 176 N.W.2d 771 (Iowa).

We find no error at this point.

■ III. Horak's other contention in the appeal, and her major one, is that the verdicts for Starkes are excessive and that the trial court should have awarded a new trial on that ground. Horak suggests that we remit part of the judgments. The jury was indeed generous.

After considering the factors involved in determining excessiveness, this court has stated that ultimately the question is the sufficiency of the evidence:

It seems fundamental the most important of these [factors] is support in the evidence. If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly

where the verdict is within a reasonable range as indicated by the evidence the court should not interfere with what is primarily a jury question. *Mazur v. Grantham,* 255 Iowa 1292, 1303, 125 N.W.2d 807, 814.

Horak strenuously argues the evidence on damages. Starkes each claimed damages for past and future pain and suffering, past and future loss of services, past and future care and treatment, past and future loss of consortium, and permanent injuries. They introduced substantial evidence on each of these items and on the nature and extent of their injuries. We have reviewed the damage evidence in both the appendix and the reporter's transcript. In light of the discussion in the *Turner* case, infra, we think an elaboration of the evidence here would benefit no one. Any candid review of the evidence would lead to the conclusion that both Starkes sustained very serious injuries. After considering the record, we conclude that while the verdicts are very large and certainly in the upper limits, we should not intervene. We approve the trial court's conclusion that the verdicts should stand.

In addition to the evidence, we are influenced by our decision in *Turner v. Jones,* 215 N.W.2d 289 (Iowa). We understand that the whiplash there, where the jury allowed $75,000, was by no means an ordinary one, but the whiplashes here, though not as severe, were also far from ordinary if the jury believed Starkes' evidence, as it had a right to do. Too, in the period between the *Turner* case and the present one inflation has persisted and the dollar has continued to lose purchasing power. See *Olsen v. Drahos,* 229 N.W.2d 741 (Iowa).

We hold that the trial court did not err in overruling the ground of motion for new trial asserting excessive verdicts and that remittiturs are not in order.

We find no error.

AFFIRMED.